ROBERTS, Justice.
Plaintiff husband, appellee here, was awarded a divorce from his wife, appellant-defendant, by a decree which also settled the property rights of the parties and the question of the custody of the children. The wife has appealed and has assigned as error certain portions of the decree relating to property rights and custody. The husband has cross-assigned as error other portions relating to property and the award of an allegedly excessive attorney’s fee to the wife.
We have carefully considered the assignments of error and arguments of both parties in support of their respective positions and have concluded that, with one exception, no reversible error has been made to appear.
The exception relates to that portion of the decree which awarded to the husband a monetary judgment against a corporation, “Just for You, Inc.”, for advances made to the corporation by the husband, and which has been assigned as error here by the wife. The husband, in his complaint, sought to impose a constructive trust in his favor upon the corporate stock held by the wife in her name (498 shares out of 500 shares issued). The Special Master found that the husband had not established any right to the ownership of this stock, but noted that the wife conceded that the husband had advanced $3,400 to the corporation. In his decree, the Chancellor followed the findings and recommendation of the Master as to the stock ownership and, in addition, entered a judgment against the corporation in favor of the husband in the amount of $3,400, on the ground that the corporation “was constructively a party to this suit, as its rights were fully represented by the defendant [wife], its sole owner.” This portion of the decree cannot stand.
A corporation is a “person” within the meaning of the due process of law clause of the Fourteenth Amendment of the federal constitution, at least insofar as property rights are concerned. 16A C.J.S., Constitutional Law, § 573, p. 602. Counsel for the husband has cited no case — and our independent research has revealed none— where it has been held that an ordinary money judgment may be entered against a corporation, not made a party to the cause nor served with process, simply because its principal stockholder was a party to the cause. Moreover, there was nothing in the complaint to indicate that plaintiff husband sought to collect a debt owing to him from the corporation — even if it be assumed, ar-guendo, that service against the wife was sufficient to bind the corporation and make it “constructively a party” to the cause, and if it be further assumed that such a cause of action, even if stated, could with propriety be joined with that stated against the wife. Cf. John W. Campbell Farms, Inc., v. Zeda, Fla. 1952, 59 So.2d 750.
We find no justification for the judgment entered against the corporation, and that portion of the decree is reversed. In all other respects, the decree is affirmed.
Affirmed in part and reversed in part.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.