SWANN, Judge.
This is an interlocutory appeal by appellant, plaintiff below, seeking to review an order of the trial court which granted the defendant’s motion to transfer inventory from a store which plaintiff was operating to one which defendant was operating. The parties will be referred to as in the trial court.
Plaintiff filed a complaint seeking an absolute divorce from defendant on various grounds, and requested an adjudication of property rights between the parties. The defendant filed his answer denying the material allegations contained in the complaint, together with a counterclaim for divorce which sought a determination of the property rights of the parties and contained a prayer for the appointment of a receiver of certain businesses which the parties operated.-
The parties operated various tie stores in Dade County, Florida, and formed separate corporations which actually owned the assets located in the various stores.
A motion was made by the defendant in the trial court to add the corporations as party defendants in this cause, but there is nothing in the record showing that the corporations were ever added as party defendants or served with process.
The defendant subsequently filed a motion to transfer certain merchandise from one tie store in Miami Beach to another store in Miami. The court granted defendant’s motion to transfer the merchandise listed in an inventory, and plaintiff has properly appealed the order to this court.
Plaintiff contends that the trial court was in error in ordering the transfer of an inventory from one store to another, when the corporations which owned and operated the two separate tie stores were distinct legal entitles and were not parties to the litigation. We agree with this contention.
In Friedus v. Friedus, Fla.1956, 89 So. 2d 604, the trial court in a divorce case *48 entered a money judgment against a corporation which was not a party to the action, on the ground that the corporation “was constructively a party to this suit, as its rights were fully represented by the defendant, its sole owner.”
The Supreme Court, in reversing, held that “a corporation is a ‘person’ within the meaning of the due process of law clause of the Fourteenth. Amendment of the federal constitution, at least insofar as property rights are concerned”, and that an ordinary money judgment could not be entered against a corporation not made a party to the cause nor served with process, simply because its principal stockholder was a party to the cause.
It is our opinion that the order requiring the transfer of inventory from one corporation to another, neither of which were parties to the cause or had been served with process, was improper.
The decision of the trial court is therefore
Reversed.