359 So.2d 48 (1978)
William Gerald DOBBINS, Appellant,
v.
Helen L. DOBBINS, Appellee.
No. HH-480.
District Court of Appeal of Florida, First District.
June 6, 1978.
*49 Peter J. Kellogg of Grissett, Humphries & Neder, Jacksonville, for appellant.
Charles E. Waite of Scruby, Yonge, Cobb & Waite, Orange Park, for appellee.
PER CURIAM.
Having considered the briefs and arguments of counsel, we conclude the lower court erred in awarding to the wife as lump sum alimony the marital home jointly owned by the parties during the marriage, as well as certain furnishings, fixtures and equipment located therein. The wife neither pled nor presented substantial competent evidence of her entitlement for such award. Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Suhor v. Suhor, 341 So.2d 277 (Fla. 1st DCA 1977); Fuchs v. Fuchs, 356 So.2d 1355 (Fla. 1st DCA 1978). The wife's petition for dissolution requested only exclusive use and possession of the marital home and the furniture and furnishings within it. As a result the husband was without notice of any claim for lump sum alimony and was prejudiced in his ability to prepare adequately a defense for the award entered. Cf. Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977). The order is otherwise affirmed and the cause remanded for further proceedings not inconsistent with this opinion.
MILLS, Acting C.J., and ERVIN, J., concur
BOOTH, J., dissents in part and concurs in part.
BOOTH, Judge, dissenting in part and concurring in part.
I dissent from that portion of the opinion which reverses the award of the marital home and furnishings as lump sum alimony to the wife. Florida Statute § 61.08 provides, in pertinent part, as follows:
"In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both .. ." (emphasis supplied)
Under the foregoing statute, a party whose petition claims alimony need not specify whether periodic or lump sum payment is sought. In the instant case the wife's petition claims temporary and permanent alimony. The wife's need and the husband's ability to pay are established by the evidence and not at issue here. The trial court has discretion as to the form or method of payment of alimony under F.S. § 61.08, supra, and that discretion was not abused in this case.
The judgment below should remain undisturbed for a number of reasons. First, appellant has failed to furnish this Court with a complete record of the matters considered by the court in the property disposition. The stipulation of the parties as to property disposition and the hearing of August 17, 1977 are not in the record. The husband withdrew from that stipulation after the wife's petition was filed. The trial court in its final order of dissolution expressly refers to the earlier hearing, to the stipulation of parties as to property and to the fact of the husband's withdrawal from that stipulation. These matters are pertinent to the husband's claim of prejudice in the preparation of his case due to his alleged surprise that the wife sought title to the home.
The trial court awarded the wife custody of the minor children of the parties, ages 5 and 7, support money for the children and six months of rehabilitative alimony at $200.00 per month. The court also awarded *50 the wife title to the jointly-owned marital home which is valued at $36,000 and is subject to a $36,000 mortgage. The wife is required to make all payments on the outstanding mortgage as well as to pay insurance, taxes and other expenses of the marital home.
At the time of the dissolution, the wife was earning less than $22.00 per week babysitting in the home. After the separation of the parties, the wife made improvements to the home in order to fit it for use as a day care center which she plans to operate in order to increase her income while caring for the small children born of the marriage.
The husband is periodically away from the area for extended periods on tours of duty with the Navy. His continued ownership of the negligible equity in the home and furnishings[1] serves no purpose other than to require his continued participation in any financial arrangements the wife makes concerning the property. Under these circumstances the trial court correctly awarded title to the wife, as opposed to use and possession, thereby allowing her to make such contracts and commitments in her sole name as are needed to maintain and operate the premises as a home and business.
The trial court was in the best position to consider all these factors, as well as the assets and the respective needs of the parties and the children. The award of the husband's equity in the home as lump sum alimony was part of the overall disposition of those assets and directly serves the needs of the wife to rehabilitate herself in some earning capacity, while providing shelter for the wife and children. This Court is in no position, particularly in view of the incomplete record, to interfere with the judgment below.
I would affirm.
NOTES
[1] The furnishings of the home are assigned no marketable value by either party and the trial court awarded the husband the specific items of furniture that he requested.