PER CURIAM.
Robert Rosselle, in a dissolution of marriage action, appeals a final judgment and amended final judgment resolving financial aspects of the marriage.
After some 25 years, Eva Rosselle, appellee, filed a petition for dissolution of her marriage to Robert and requested that she be awarded permanent alimony, child custody, and title to two jointly owned residences in which she claimed a special equity. Robert Rosselle subsequently filed a counter-petition for dissolution of marriage and alleged a special equity in the jointly owned property. Following lengthy pretrial discovery, the judge entered a final judgment dissolving the marriage and retained jurisdiction to determine and resolve the property and financial aspects of the marriage. After a hearing on these matters, a final judgment and amended final judgment was entered awarding Eva Ros-selle child custody, child support of $50 per week, rehabilitative alimony of $75 per week for a period of one year, and title to the marital residence and a second residence (“the hurricane house”) based upon the finding that she had a special equity therein. In addition, the judgment directed that the funds of Eva, Inc., wholly owned by Robert Rosselle, be frozen pending a hearing on Eva Rosselle’s motion for attorney’s fees. Thereafter she was awarded $1,875 as attorney’s fees for services resulting from Robert Rosselle’s contempt and/or failure to make discovery. All other expenses for services performed were to be the responsibility of Eva Rosselle. Robert Rosselle appeals the final and amended final judgment resolving the financial aspects of the marriage. Eva Rosselle cross-appeals the award of rehabilitative alimony and attorney’s fees as being inadequate. Under the holdings of Shaw v. Shaw, 334 So.2d 13 (Fla.1976) and Herzog v. Herzog, 346 So.2d 56 (Fla.1977) we find no merit in the points on appeal raised by Robert Ros-selle with respect to the resolution of the financial aspects of the marriage and awards made pursuant thereto. However, we find merit in the contention that the court erred in freezing the funds of Eva, Inc. Eva, Inc. was not a party to the present litigation and, therefore, the court lacked authorization and/or jurisdiction to freeze the corporation’s funds. See Friedus v. Friedus, 89 So.2d 604 (Fla.1956); Turner v. Turner, 175 So.2d 47 (Fla. 3d DCA 1965). Accordingly, that provision (#8) of the final judgment resolving financial aspects of the marriage is hereby stricken and Rob *1199 ert Rosselle’s motion for release of those funds is granted.
Turning to Eva Rosselle’s cross-appeal under the authority of Shaw v. Shaw, supra, and Herzog v. Herzog, supra, we find no reversible error in the award of rehabilitative instead of permanent alimony. Likewise, we find no abuse of discretion in the $1,875 attorney’s fee award in that neither attorney’s fees or costs may be awarded as punishment. See Watterson v. Watterson, 353 So.2d 1185, 1189 (Fla. 1st DCA 1977). We also find that Eva Rosselle has the financial ability to pay for the remainder of the legal services rendered on her behalf.
Accordingly, the judgments and order on attorney’s fees are affirmed in all aspects with the exception of the provision directing that the funds of Eva, Inc. be frozen.
Affirmed in part, reversed in part.