G. Kenneth Gilleland General Counsel, Game and Fresh Water Fish Commission Tallahassee
QUESTION:
When a corporation or chain store has more than one place of business for the sale of frogs or freshwater fish, must a separate license, pursuant to s. 372.65, F. S., be purchased for each location in order to comply with this statute?
SUMMARY:
When a corporate chain store operation or other operation is comprised of distinct and separate places of business at which frogs or freshwater fish are sold at retail, such corporation or other business entity must procure a retail fish or frog dealer's license, pursuant to s. 372.65, F. S., for each separate place of business.
Section 372.65(1), F. S., among other things, provides:
 No person shall engage in the business of taking for sale or selling any frogs or freshwater fish of any species or size, or importing any exotic or nonindigenous fish, until such person has obtained a license and paid the fee therefor as set forth herein. The license issued shall be in the possession of the person to whom issued while such person is engaging in the business of taking for sale or selling freshwater fish or frogs and shall be displayed to officers of the Game and Fresh Water Fish Commission upon request. (Emphasis supplied.)
This statute requires that any person engaged in the business of selling freshwater fish or frogs must procure a license therefor which must be kept in the possession of the person to whom it was issued while the person engages in such business and, upon request, displayed to officers of the Game and Fresh Water Fish Commission. The word `person' is nowhere defined in ch. 372, F. S. Chapter 1 of the Florida Statutes, however, in s. 1.01(3), provides that `[i]n construing these statutes and each and every word, phrase, or part hereof, where the context will permit: [t]he word `person' includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, fiduciaries, corporations, and all other groups or combinations.' The context of s. 372.65 permits the application of this definition to the terms of the licensing requirements, and no language of this statute implies a legislative intent to exclude a corporation or other natural person or business entity operating a chain store from the requirements of the statute. Corporations are considered persons for various constitutional purposes. See, e.g., Freidus v. Freidus, 89 So.2d 604 (Fla. 1956), which stated that a corporation is a `person' within the meaning of the due process clause of the Federal Constitution, and Dutton Phosphate Co. v. Priest, 65 So. 282 (Fla. 1914), which determined that a corporation is a `person' for purposes of the Equal Protection Clause of the Fourteenth Amendment. In Fowler v. Chillingworth,113 So. 667 (Fla. 1927), the Florida Supreme Court stated that a `domestic corporation is an artificial person whose residence or domicile is fixed by law within the territorial jurisdiction of the state which created it.' See also, 18 C.J.S. Corporations s. 8 (1939), and AGO 048-166, May 17, 1948, Biennial Report of the Attorney General, 1947-1948, p. 400. If the Legislature had intended to limit the term `person' as used in the context of s. 372.65 to natural persons, it could have easily done so. Cf. s.205.064, F. S., which uses the term `natural person' in creating an exemption from local occupational licenses for the privilege of engaging in the business of selling certain specified items and products. It is therefore my opinion, until and unless legislatively provided otherwise, that the word `person' as used in s. 372.65 includes corporations or other business entities or natural persons operating chain stores that are engaged in the business of selling freshwater fish or frogs at retail to consumers.
The statute clearly provides that a license for the privilege of engaging in the business of selling freshwater fish or frogs must be in the possession of the person to whom it was issued while such person is engaging in such business, and the license must be displayed to officers of the Game and Fresh Water Fish Commission upon request. In order for a license to be in the possession of a natural person, a corporation, or another entity engaged in the business of selling freshwater fish or frogs at retail at a specific location and in order for a license to be displayed upon demand to an officer of the commission at such place of business, it is physically necessary that each such separate place of business have a separate license. It is physically impossible for an individual, corporation, or other entity operating a number of chain stores comprised of a number of distinct and separate places of business to have, at all places of business simultaneously and presentable upon demand to an officer of the commission, a single license for all such retail stores under the same ownership and management. Compare the reasoning in AGO 054-69, March 19, 1954, Biennial Report of the Attorney General, 1953-1954, p. 508, which determined that, since, under the statutes regulating engagement in the trade or business of dispensing opticians by natural persons, partnerships, or corporations, a duly licensed dispensing optician must be in charge of the business, a partnership or corporation operating such business must procure a separate occupational license for each separate place of business. This analysis is in accord with the rule stated at 53 C.J.S. Licenses
s. 42 (1948) that `[a] license to operate a place of business does not authorize the licensee to conduct more than one place of business and a license to conduct business at one place does not authorize the licensee to pursue such business in another locality.' And see, id. s. 26, p. 554, n. 40.
Prepared by: Craig Willis, Assistant Attorney General