CAMPBELL, Judge.
Underwood appeals his judgment and sentence following a jury trial. He raises two issues in this appeal: (1) Whether the trial court erred in refusing to allow defense counsel to conduct a voir dire examination of the prospective jurors, and (2) whether the trial court erred in its response to a jury question.
The second point is without merit. Any error in this regard was waived by defense counsel at the trial.
The facts which relate to the first point are as follows: The court stated that it was going to conduct the voir dire examination exclusively “unless there are some compelling questions that counsel feels must be asked.” Defense counsel stated that he personally had no objection but tactically and formally for the record did object. Following the trial judge’s voir dire examination, the judge asked if there was “[anything in particular” and defense counsel replied “not as far as specific questions, but I do continue for the record the same objection.” Counsel then requested that the court ask a particular question, which it did.
Florida Rule of Criminal Procedure 3.300(b) provides for examination of the prospective jurors by the court first with each counsel being permitted to “propound pertinent questions” to the prospective jurors after the court’s examination. Florida Rule of Criminal Procedure 3.300(b) is quite different from Florida Rule of Civil Procedure 1.431(b), wherein there is specifically preserved the right of counsel for the parties to examine jurors orally on voir dire. Rule 1.431(b) provides that the court is then allowed to ask additional questions. While recognizing the differences in the two rules and what also may be a subtle distinction in the language of Rule 3.300(b) where it provides for the court to “examine” prospective jurors and for counsel to be “permitted to propound pertinent questions” to them, we interpret Rule 3.300(b) to allow counsel the opportunity to ask orally “pertinent questions” on voir dire except where the exigencies of the particular case dictate otherwise. Broad discretion over the extent and nature of questions asked by counsel is conveyed to the court by the use of the word “pertinent.”
While this holding that Florida Rule of Criminal Procedure 3.300(b) does envision counsel having input into the voir dire examination by allowing them to ask orally questions of prospective jurors which the court finds are pertinent, in the instant case defense counsel was not denied that right when he stated he had no specific questions to ask of the jury except one which was then asked by the court. This procedure constituted substantial compliance with Rule 3.300(b) and we, therefore, affirm the judgment and sentence.
BOARDMAN, Acting C. J., and OTT, J., concur.