393 So.2d 582 (1981)
Barbara Lou McINTOSH, Appellant,
v.
Thomas F. McINTOSH, Appellee.
No. UU-31.
District Court of Appeal of Florida, First District.
January 20, 1981.
Rehearing Denied February 25, 1981.
*583 William R. Slaughter, II, Slaughter & Slaughter, Live Oak, for appellant.
Winston W. Jacobo, P.A., Live Oak, for appellee.
PER CURIAM.
The wife appeals a final judgment of dissolution awarding the husband a special equity in 80 acres of land, deeded to the parties by the husband's parents, on which rests the marital home built by the husband. We find that the award was erroneous and remand the case for reconsideration.
In 1970, the husband's parents transferred 80 acres to the husband and wife jointly, reserving life estates for themselves. The deed was duly executed and recorded. Over a two-year period the husband physically built a home on 10 of the 80 acres; the wife helped draw the floor plans. Throughout the 26-year marriage the wife remained the homemaker and did not contribute financially to the construction or maintenance of the home. According to the husband, the reason for initially taking title jointly was for survivorship purposes. Regarding the transfer of the 80 acres, the husband's mother testified: "She was his wife, and naturally, she'd be around too, you know, but as for her getting the property by herself, no."
Record title is the starting point for determining a property division between spouses in dissolution cases. Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976). However, a spouse may establish in the realty a special equity which "is a vested interest which a spouse acquires because of contribution of funds, property, or services made over and above the performance of normal marital duties." Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980). Nonetheless, there is a qualification: When property held as a tenancy by the entirety is improved from funds generated by a working spouse while the other spouse performs the job of homemaker, a special equity in such property does not necessarily arise.
In Duncan, the court determined the issue of what spousal contributions established a special equity. In that case the efforts of the husband in constructing improvements on property did not constitute a special equity although the husband participated in the construction by laying bricks, digging trenches, preparing blueprints, hiring the carpenter and bricklaying contractors, overseeing the work, buying and hauling building materials to the job site and spending his personal money on the home. The supreme court concluded that the property was part of the accumulated marital assets and was acquired by the husband and wife with funds earned during the course of their marriage.
Between the working spouse and a homemaker, it is the normal duty of the working spouse to provide a marital home. Here, the husband chose to physically build the home and was free to do so because his wife maintained the household and performed child-rearing responsibilities. Thus, there is insufficient evidence of a special contribution by the husband justifying an imposition of a special equity on the wife's *584 one-half of the marital homestead and remaining acreage. Additionally, the wife's economic status is not such that the award to the husband can be justified as lump sum alimony. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980).
Recognizing that final judgments in dissolution cases encompass awards which are interdependent, we reverse and remand for reconsideration of the final judgment in light of this opinion, Duncan v. Duncan and Canakaris v. Canakaris.[1]
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.
NOTES
[1] We do not decide how nonretroactivity of Ball might require reversal here because this issue was not raised. See generally, Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980).