406 So.2d 1240 (1981)
John Stacy NALLEY, Appellant,
v.
Victoria Eve NALLEY, Appellee.
No. WW-322.
District Court of Appeal of Florida, First District.
December 8, 1981.
Carolyn S. Zisser, Neptune Beach, for appellant.
Dale G. Westling of Persons, Flowers & Westling, Jacksonville, for appellee.
PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage, alleging *1241 error in several respects. We affirm in part and reverse in part.
The parties were married in 1972. One child was born of this union, and two children from the wife's previous marriage were adopted by the husband in 1974. At the time of the final hearing, the husband was employed as an air traffic controller with an annual salary of $34,000. The wife was not employed outside the home during much of the marriage, however at the time of the final hearing she was performing secretarial work on a part-time basis. Additionally, the wife received $800 per month in veterans benefits for the two older children as their natural father died while a prisoner of war in the Vietnam conflict.
In 1979 the wife filed the original petition for dissolution, and subsequently amended the petition seeking partition of the marital home. The husband answered and filed a counter petition praying for custody of the minor children, use of the marital home and division of jointly owned property. The wife then filed a voluntary dismissal of her petition and answered the husband's counter petition. The wife prayed for custody of the minor children, exclusive use of the marital home, temporary and permanent alimony, child support and attorney's fees. No request for general relief was made.
After a lengthy hearing the trial court awarded the wife the husband's interest in the marital home as lump sum alimony and required her to make all future mortgage payments. The court ordered the husband to assign to the wife certain insurance policies which had been purchased with the older children's veteran benefits. The wife was given permanent custody of all three children and very severe restrictions were placed on the husband's right of visitation. The husband was further ordered to pay $600 per month child support.
On appeal the husband contends the court erred in granting relief not specifically pleaded, in severely limiting his visitation with the children and in requiring $600 per month child support.
We find there has been no abuse of discretion shown in the award of child support. The trial court is in the best position to assess the needs of the children and the ability of the parties to pay as it is acquainted firsthand with the evidence. Baldwin v. Baldwin, 388 So.2d 1333 (Fla. 4th DCA 1980). There was testimony regarding the increased needs of the children and the financial condition of both parents. The trial court's award of $600 per month child support cannot be said to be an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We therefore affirm the child support portion of the final judgment.
We turn now to the trial court's disposition of the husband's request for visitation. A trial court is entrusted with the responsibility of determining the extent of visitation which is in the best interests of the child. Section 61.13(2)(b), Fla. Stat. (1979). The denial of visitation rights is generally disfavored, see Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), however when it is necessary to protect the welfare of the child the court has discretion to restrict or limit visitation. Gavronsky v. Gavronsky, 403 So.2d 627 (Fla. 1st DCA 1981). In Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979), the court upheld severe restrictions on the father's right of visitation stating the restrictions were justified by a view of the record concerning the relationship of Mr. Adams and the children. The court in Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977) held that when it is in the best interests of the minor child the trial court can limit or prevent visitation. The total denial of visitation was upheld in Baker v. Baker, 377 So.2d 776 (Fla. 3d DCA 1979) based upon the trial court's findings of fact.
In the present case there was evidence presented to the trial court of physical and mental abuse of the children by the husband. The two older children testified concerning incidents of physical abuse and stated that they were in fear of the husband. Based on the record in the present case we find no abuse of discretion in the court's denial of visitation with the eldest *1242 son and the limitations placed on visitation with the younger children.
Although we find the trial court was eminently fair to both parties in his award of alimony, the award of the marital home as lump sum alimony must be reversed for failure to plead for such relief. Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978); Dobbins v. Dobbins, 359 So.2d 48 (Fla. 1st DCA 1978). Appellant points out in his brief that the relief requested by the wife was limited to exclusive use and occupancy of the marital home and furnishings for the benefit of the minor children, and monies for temporary and permanent alimony. Accordingly, the trial court was limited to awarding the wife only exclusive use and possession of the marital home until the children reach majority or until they become emancipated. Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981). In reversing the award of the marital home as lump sum alimony we recognize that the trial court may wish to reconsider the interdependent awards of the responsibility for the mortgage, taxes, insurance and other expenses associated with the marital home.
The order of the trial is affirmed with regard to child support and visitation, in all other respects the order is reversed and remanded for reconsideration of the final judgment in light of this opinion.
McCORD and SHIVERS, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I would affirm the judgment below in its entirety. See, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Dobbins v. Dobbins, 359 So.2d 48 (Fla. 1st DCA 1978) (dissenting opinion).