418 So.2d 1053 (1982)
Irma Christine SMITH, Appellant,
v.
Thomas A. SMITH, Appellee.
No. AG-143.
District Court of Appeal of Florida, First District.
July 27, 1982.
On Motion for Clarification August 31, 1982.
John Paul Howard, Jacksonville, for appellant.
Jeffrey B. Marks of Schneider, Dunay, Ryan & Marks, Jacksonville, for appellee.
JOANOS, Judge.
From the final judgment of dissolution of marriage in this case, the wife appeals. With regard to the amount of permanent alimony awarded, the requirement that wife make one-half of the monthly mortgage payments, and the lack of a requirement that husband maintain wife on his major medical and hospitalization insurance policies, that remedy not having been requested below, we find no error. However, the award of a sixty percent interest in the marital home as a special equity to husband must be reversed.
In the final judgment the trial court found that some two years before the dissolution, the parties sold the jointly owned marital home on Tampica Road and invested the proceeds of the sale, after paying off debts, in the present marital home which was substantially built by husband and the two teenage sons. Further, the court found that husband performed this work in addition to being fully employed, and that the wife was also employed outside the home while fully performing all of her duties as wife, mother, and homemaker, "but the court finds the husband should have a special equity of sixty percent interest in the home and the wife a forty percent interest."
Appellant argues that the award of a special equity under these circumstances was erroneous under the principle outlined in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), and interpreted in McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981). Appellee contends that the special equity was appropriately awarded in recognition of husband's extraordinary contribution to the acquisition of the home, relying on several authorities of which Tommaney v. Tommaney, 405 So.2d 454 (Fla. 2d DCA 1981), is representative. In addition, appellee asserts that considering the totality of *1054 the remedies afforded the wife, which included permanent alimony and child support, relief from certain bills, and payment of her attorney's fees, the judgment should be affirmed.
While we agree with appellee that the overall scheme of division of resources was fair to both parties, the award of a special equity to husband must be reversed. "In its true sense, a `special equity' is a vested interest which a spouse acquires because of contribution of funds, property, or services made over and above the performance of normal marital duties." Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980). In McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981), the husband had physically built a home on ten of the eighty acres of land which had been deeded to the couple by his parents. The husband had provided for the financial needs of the family during the marriage and the wife had been a homemaker. Reversing the award of a special equity in the home to the husband, this court noted:
Between the working spouse and a homemaker, it is the normal duty of the working spouse to provide a marital home. Here, the husband chose to physically build the home and was free to do so because his wife maintained the household and performed child-rearing responsibilities. Thus there is insufficient evidence of a special contribution by the husband justifying an imposition of a special equity on the wife's one-half of the marital homestead and remaining acreage.
In the instant case, the wife worked outside the home at various times, and she also was found to have fully performed her duties as wife, mother, and homemaker. While the husband invested his vacation and leave time in the building of the home, considering the relative contributions of the parties, this is not "one of the exceptional cases in which a special equity may rest upon an extraordinary contribution to the marriage." Tommaney v. Tommaney, 405 So.2d 454, 456 (Fla. 2d DCA 1981).
Recognizing that the various awards made by the trial judge are interrelated, we REVERSE and REMAND for reconsideration of the final judgment in light of this opinion.
LARRY G. SMITH and THOMPSON, JJ., concur.

ON MOTION FOR CLARIFICATION
JOANOS, Judge.
Appellant has moved for clarification of this court's opinion dated July 27, 1982, alleging uncertainty as to the authority of the trial judge to proceed with this case. While we found that the trial court had not erred in his resolution of certain aspects of the case, we did find error with regard to the award of a special equity to the husband. We concluded that, despite the fairness of the overall scheme of division of resources, since there had been a technical error as to the special equity, and the various awards made by the trial judge were interrelated, the case would be reversed and remanded for reconsideration of the final judgment. This means the trial court may reconsider the final judgment, as amended on rehearing before the lower court, with regard to all provisions for support, alimony, division of property and other financial arrangements, and attorney's fees, because the various awards made by the trial judge were interrelated.
Appellant's motion for clarification beyond that contained herein is denied.
LARRY G. SMITH and THOMPSON, JJ., concur.