432 So.2d 176 (1983)
Barbara Lou McINTOSH, Appellant,
v.
Thomas Frances McINTOSH, Appellee.
No. AJ-101.
District Court of Appeal of Florida, First District.
May 25, 1983.
Robert A. Sandow, of Slaughter & Slaughter, Live Oak, for appellant.
Winston W. Jacobo, Crystal River, for appellee.

ON HEARING EN BANC
WENTWORTH, Judge.
Appellant wife seeks review of an order which dissolved the parties' marriage, divided their marital property, and awarded appellant child support and alimony. In making a minimal alimony award the trial court determined that appellant "has sufficient assets for her support;" we find that the record does not support this determination and we therefore reverse the order appealed.
In dissolving the parties' marriage of 26 years, the trial court, after a prior appeal,[1] awarded appellant a half interest in various properties acquired during the *177 marriage. After considering testimony as to the fair market value of the property, the trial court found that appellant "has substantial equity in the property" and therefore "has sufficient assets for her support." The trial court then awarded alimony in the amount of only $50 per month. The record establishes that the properties are encumbered with outstanding mortgages; however, there is no evidence as to the total amount of the outstanding indebtedness, and the true value of appellant's equity interest in these properties cannot be determined on this record. The trial court therefore erred in concluding, without more specific record evidence, that appellant's equity interest in the properties is an asset which is sufficient for her support.
The trial court also did not determine or consider appellant's request that the marital home be awarded as lump sum alimony, reasoning that "under the original petition and counter-petition in this cause there are no allegations presented to the court on the issue of lump sum alimony." Prior appellate decisions of this court have held that a request for lump sum alimony may not be granted unless specifically pleaded. See e.g., Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981); Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978). In the present case appellant's counter-petition requested support and alleged ability to pay permanent alimony, but appellant did not classify the character of permanent alimony claimed as lump sum. The trial court's refusal to consider appellant's subsequent specific request for a lump sum award is consistent with this court's pronouncement in Nalley and Foxx; however, we now recede from the rule announced in those cases, and adopt the reasoning of Caidin v. Caidin, 367 So.2d 248 (Fla. 3d DCA 1979). In Caidin the court ruled that a request for lump sum alimony need not necessarily be pleaded specifically, and is encompassed within a claim for temporary and permanent alimony. The court reasoned that, pursuant to § 61.08, Florida Statutes, the authority to choose the method of payment of alimony lies with the trial court, and that the court's authority in this regard is invoked by a petitioner's general request for alimony. Also see Dobbins v. Dobbins, 359 So.2d 48 (Fla. 1st DCA 1978) (dissenting opinion). We therefore direct that on remand of this cause the trial court's disposition should encompass the merits of appellant's request for an award of lump sum as well as periodic permanent alimony, pursuant to all the applicable statutory standards.
Recognizing that the order appealed contains interdependent awards relating to the division of property and alimony, we hereby reverse the order and remand the cause for further proceedings.
ROBERT P. SMITH, Jr., C.J., and BOOTH, LARRY G. SMITH, SHIVERS, JOANOS and NIMMONS, JJ., concur.
MILLS, J., dissents with opinion.
ERVIN, J., dissents with opinion in which THOMPSON, WIGGINTON, and ZEHMER, JJ., concur.
MILLS, Judge, dissenting:
Once again, this Court chooses to recede from precedent.
Once again, this Court creates uncertainty and chaos among the Judges, lawyers and litigants in its district.
Once again, this Court's image is tarnished.
Will this action stop? It is doubtful.
Will the Judges, lawyers and litigants ever be able to rely upon decisions of this Court? Probably not.
Will the First District Court of Appeal regain its former image? Not until its Judges exercise discipline and restraint.
The trial judge in this case, relying upon this Court's decisions in Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978), and Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981), is reversed because a majority of this Court recedes from the law established and followed by it for the past five years.
This is following precedent? No!
This is justice? No!
*178 This is fair? No!
What can be done?
What should be done?
The answer is simple. The Judges need to exercise discipline and restraint. But this may be too much to expect.
I will not recede from precedent. Continuity and consistency require no less.
ERVIN, Judge, dissenting.
This case represents the perfect example of why our former opinions in Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978) and Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981) should be honored. The wife's answer and counter-petition, filed September 5, 1979, requested, among other things, that the court award to her temporary rehabilitative and permanent alimony, and the exclusive use of the marital home.
In reviewing the transcript of the final hearing on which the court based its earlier judgment, I find that the wife's testimony, similar to her pleadings, made no specific request for the marital home to be granted to her as lump sum alimony. The needs, which she then testified to, were the sum of $800 per month, exclusive of support money for her minor child, and an automobile.
The former judgment awarded to the wife $150 per month for support of the minor child, $8,000 as lump sum alimony, a one-half interest as a tenant in common to 40 acres of real property, the proceeds from a settlement of an automobile accident claim, the proceeds from an income tax refund, and certain household goods.
The wife's sole issue on appeal in McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981) was whether the lower court erred in awarding to the husband a special equity in 80 acres of land, on which rested the marital home. No issue was raised urging that the lower court erred in not granting the wife the marital home as lump sum alimony. On the issue before us, we held there was insufficient evidence of a special contribution by the husband justifying the imposition of a special equity on the wife's one-half interest in the marital homestead and remaining acreage; accordingly, we reversed and remanded the case for further proceedings.
On remand, the husband filed a second amended petition for dissolution of marriage, realleging all the matters previously alleged, and seeking also a partition of that property which he had formerly been awarded as a special equity. The wife's response was simply to file a motion for judgment on mandate, a petition for enforcement of final judgment, and a motion to dismiss the second amended petition for dissolution of marriage. She sought no leave of court to file any amendment to her previous answer and counter-petition, or a petition asking the court to modify any of the amounts formerly awarded to her.
During the wife's testimony at the second hearing, held following remand, she specifically requested for the first time that the former marital home and the surrounding ten acres be awarded to her as lump sum alimony. The lower court, quite properly on the record before it, denied the request, citing the lack of notice to the opposing party.
Despite the inconsistency between the wife's later testimony and her earlier testimony and pleadings, the majority of the full court would, on a record such as this, require the lower court to entertain the wife's tardy request for lump sum alimony, despite her failure to make it an issue at any of the earlier proceedings.
There may be instances in which this court might properly review its former decisions holding that lump sum alimony should not be granted unless specifically pleaded; the record in the instant case does not, however, justify such a generous departure.
THOMPSON, WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981), reversing a special equity awarded to the appellee husband.