440 So.2d 494 (1983)
Roger R. MAAS, Appellant/Cross-Appellee,
v.
Jane A. MAAS, Appellee/Cross-Appellant.
Nos. 82-1521, 83-72.
District Court of Appeal of Florida, Second District.
November 9, 1983.
*495 Joseph R. Miele, St. Petersburg, for appellant/cross-appellee.
Michael J. Keane of John T. Allen, Jr., P.A., St. Petersburg, for appellee/cross-appellant.
CAMPBELL, Judge.
In these consolidated appeals, we consider several related matters arising out of the dissolution of the marriage between Roger and Jane Maas.
In November 1980, before either party filed for dissolution, Mrs. Maas, while unrepresented, executed a property settlement agreement that had been prepared by Mr. Maas, who is an attorney. In March 1981, Mr. Maas filed for dissolution and shortly thereafter, Mrs. Maas counterpetitioned seeking alimony, child support, attorney's fees and costs, a division of the property and to have the property settlement agreement set aside as the product of overreaching. The trial judge, Judge Sanderlin, held a series of final hearings in this dissolution action, formally dissolving the marriage in November 1981, and entering a final order on the reserved remaining issues in May 1982. In this order, he set aside the property settlement agreement as being the product of overreaching. He did not reserve jurisdiction in this final order to award attorney's fees and costs. Mrs. Maas then filed a timely motion for rehearing seeking, among other things, attorney's fees. See Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). Responding to the rehearing motion, Judge Sanderlin amended his final order and awarded Mrs. Maas attorney's fees of $8,000. Mr. Maas then appealed and Mrs. Maas cross-appealed. In the meantime, Judge Sanderlin recused himself and Judge Fogle received the case. This court temporarily relinquished jurisdiction to the trial court to determine a pending motion for rehearing. Mrs. Maas filed a motion to tax costs which Judge Fogle denied on the basis that he was without jurisdiction to make the award since Judge Sanderlin had not mentioned costs in his final order in May 1982, nor in his amended order.
Mr. Maas raises seven points in his appeal. All are without merit, but we believe it necessary to address two of them. Those points are whether Judge Sanderlin erred in setting aside the property settlement agreement and whether he further erred in awarding Mrs. Maas the marital home as lump sum alimony.
Regarding the property settlement agreement, we believe that there was sufficient evidence of overreaching presented below to support Judge Sanderlin's refusal to approve this settlement. Once he set aside the agreement, no part of it could be enforced. Indeed, the agreement itself so provided.
However, because the issue of overreaching is so close, we feel compelled to discuss the duties of a trial judge regarding a settlement agreement in a dissolution of marriage proceeding. Even if overreaching had not been proved in this case, we would be inclined to the view that Judge Sanderlin's decision not to enforce the settlement agreement finds support in section 61.08, Florida Statutes (1981), and in case authorities too well known and numerous to require citation, that a trial judge in a dissolution proceeding is called upon to do equity and justice between the parties. If Judge Sanderlin felt that by approving the agreement he would not be doing equity and justice, then by all means we feel he was correct in refusing to approve it.
We run headlong into some troublesome precedents, however, in trying to reconcile the statutory obligation of the trial judge "to do equity and justice between the *496 parties"[1] that is supported by case law,[2] and the principle that property settlement agreements between husband and wife, made in contemplation of dissolution proceedings, should be construed and interpreted as other contracts.[3] Perhaps we should find some solace in Belcher v. Belcher, 271 So.2d 7, 10 (Fla. 1972), wherein the court holds that "[p]rovision for `permanent' settlement after dissoluion [sic] of the marriage is another matter; fair provisions thereon will be recognized as a matter of contract; indeed post-nuptial settlement agreements are regularly approved upon meeting proper requirements of disclosure and fairness." Whatever solace Belcher offers dissipates rapidly, however, when we examine Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), and its progeny.[4]
As we observe the courts of this state drift closer and closer to an absolute "equitable distribution" doctrine[5] in dissolution of marriages cases, it seems necessary to us, in those cases involving settlement agreements, to place more emphasis on the portion of Belcher that states "fair provisions thereon will be recognized as a matter of contract" and that said agreements should be approved if they meet the "proper requirements of disclosure and fairness." [Emphasis supplied.] As this drift continues to occur, more emphasis should be placed on fairness and equity and less emphasis placed on fullness of disclosure or the extent of the knowledge of the parties concerning their property interests. The bottom line then would necessarily seem to be whether the trial judge can determine that the agreement does equity and justice between the parties, tempered somewhat by the extent of the voluntary nature of the agreement between the parties. Certainly, it should be a rare circumstance, should it occur at all, that a property settlement would be set aside where both parties request its enforcement. We can perceive of such an event occurring only in regard to inadequate support provisions for a spouse or dependent children.
We hasten to add here that we find no need in this cause to rely on the foregoing discussion of the impact of "equity and justice" on enforcement of settlement agreements. Judge Sanderlin did not rely solely upon those reasons in his refusal to enforce the agreement, for he found it to be the product of overreaching, which finding has support in the record.
Proceeding now to consider the provisions of the final judgment, we find that Judge Sanderlin properly awarded Mrs. Maas the marital home as lump sum alimony in the exercise of his equitable powers. This is so despite Mrs. Maas' failure to specifically plead for a lump sum award. In Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981), our sister court held that a party must specifically plead for a lump sum alimony award of the marital home in order to receive it. However, in McIntosh v. McIntosh, 432 So.2d 176 (Fla. 1st DCA 1983), the First District Court of Appeal, in a rather sharply divided en banc opinion, receded from Nalley and other cases so holding. We agree that it is not necessary to specifically plead for lump sum alimony in order to receive it. A general prayer for alimony will be sufficient and the trial judge may then award lump sum or any other type of alimony in the exercise of his power to do equity and justice between the parties. See Nusbaum v. Nusbaum, 386 So.2d 1294 (Fla. 4th DCA 1980); Caidin v. *497 Caidin, 367 So.2d 248 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 765 (Fla. 1980).
Turning next to Mrs. Maas' cross-appeal in this case, we affirm Judge Fogle's refusal to require Mr. Maas to pay the children's private school tuition and to pay for the children's college education. We do so because providing for education may be ordered if the parties agree to it, but here, that agreement was contained in the property settlement agreement which Judge Sanderlin struck down. Since at the time Judge Fogle replaced Judge Sanderlin the agreement no longer existed, it would have been error for Judge Fogle to then require Mr. Maas to perform part of it when his agreement to do so was no longer valid.
However, the second point raised on cross-appeal has merit. Mrs. Maas had moved to have Mr. Maas held in contempt for failure to pay attorney's fees. Judge Fogle determined that he could not hold Mr. Maas in contempt to enforce the award of attorney's fees. We express no opinion as to whether Mr. Maas' conduct was in fact contemptuous. We hold only that contempt was and remains a viable and available judicial remedy. It was available to Judge Fogle, and it was error to refuse to consider that remedy in addressing the problem of enforcing the award of attorney's fees to Mrs. Maas.
Finally, we consider Mrs. Maas' appeal of the order denying costs, and we find that we must reverse based on the authority of Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). Golub clearly holds that in a final order it is not necessary to reserve jurisdiction to enter a later order taxing costs. Judge Sanderlin's silence was thus not necessarily a denial and Judge Fogle must consider this matter of costs on remand.
Accordingly, as to 82-1521, we affirm in all respects, except that we note that contempt is an available remedy to Mrs. Maas should she seek to enforce the award of any unpaid attorney's fees. As to 83-72, we reverse and we remand for consideration of an award of costs.
SCHEB, J., concurs.
GRIMES, A.C.J., concurs with opinion.
GRIMES, Acting Chief Judge, concurring specially.
Considering the state's interest in domestic relations, I believe that a trial judge may refuse to incorporate an unfair post-nuptial settlement agreement into a judgment of dissolution regardless of the voluntariness of execution and full disclosure. Del Vecchio and Posner do not hold otherwise, because they dealt with antenuptial agreements.
NOTES
[1] § 61.08.
[2] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
[3] Underwood v. Underwood, 64 So.2d 281 (Fla. 1953).
[4] Posner v. Posner, 233 So.2d 381 (Fla. 1970) and 257 So.2d 530 (Fla. 1972); O'Connor v. O'Connor, 435 So.2d 344 (Fla. 1st DCA 1983); Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981); Bailey v. Bailey, 300 So.2d 294 (Fla. 4th DCA 1974).
[5] Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980); Canakaris; Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983); Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982); But see Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983); Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982).