NIMMONS, Judge.
Appellant, the former husband, appeals from that portion of the final judgment of dissolution awarding the appellee, the former wife, the exclusive use and possession of the marital home. We reverse.
The appellee’s original complaint sought alimony and the partition of the jointly-owned marital home. However, subsequently she filed an amended complaint withdrawing her previous request for alimony and partition and requesting the exclusive use and possession of the home. This was the only asset in dispute. They had been married for 36 years. She had been employed with the same company for 20 years and he had been employed with the same firm for 18 years. All of their four children had reached majority several years previously.
At the final hearing, the appellee testified that she was not seeking alimony of any kind. Further, when the appellant’s attorney began questioning the appellee about her finances, her attorney objected, stating:
“I object to this. There is no issue about alimony or attorney fees. There [are] no financial issues involved in this case.”
The Court sustained the objection.
Nevertheless, in the final judgment of dissolution, the court awarded the appellee the exclusive use and possession of the marital home for as long as she continued to maintain her personal residence there, remained unmarried and there was no adult male to whom she was not related residing therein.
In the final judgment, the court justified such award as follows:
The evidence in the case makes it entirely clear that the vast majority of the successful efforts toward the accomplishment of a meaningful marriage and worthwhile family life for these parties and their children were put forth by the Wife. And it is equally clear that, given the totality of the circumstances in this case, the Wife is entitled to the exclusive occupancy and use of the marital home and its contents, other than Husband’s personal possessions and his “office” furniture and equipment, for as long as she continues to maintain her personal residence therein, is unmarried and there is no adult male to whom she is not related residing therein.
This award cannot be sustained on the record of this case. In Duncan v. Duncan, 379 So.2d 949 (Fla.1980), the Court stated:
*100 “The award of ‘exclusive possession’ of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose. See, e.g., McDonald v. McDonald, 368 So.2d 1283 (Fla.1979) (a form of rehabilitative alimony for a spouse demonstrating a need); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978) (aid to a child who had reached majority but who had a debilitating muscular disorder); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978) (aid to a spouse with mental problems); and Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975) (aid to a spouse with custody of minors). In each of these instances, the exclusive possession is actually a facet of support and is clearly warranted because of the equity of the cause. We can foresee the need to grant temporary exclusive possession of a family business in order to ensure income for support and to avoid an immediate substantial reduction in value.
As earlier noted, for whatever reason, the appellee made certain that any issue regarding any form of support was removed from the issues to be tried before the lower court. See McIntosh v. McIntosh, 432 So.2d 176 (Fla. 1st DCA 1983); Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981). Thus, the subject award cannot be upheld on any kind of support theory, and there is no other basis in the record — such as the temporary necessity to prevent reduction in the property’s value, see Duncan, supra, at 952, — which would support the award.
Accordingly, that portion of the final judgment awarding exclusive use and possession of the marital home is Reversed.
SHIVERS and JOANOS, JJ., concur.