WENTWORTH, Judge.
Appellant wife seeks review of an April 4, 1985 dissolution order by which appellee husband was awarded a 60% special equity interest in the marital home, and the wife was granted exclusive use and possession of the home for herself and their minor child until September 29,1985. We reverse the order appealed.
Appellant and appellee were married in 1960, and lived together until October 1984. Two children were born of the marriage, a 20-year-old son who is in college, and a 14-year-old daughter. Both children lived with appellant in the former marital home. Appellee has worked for Anheuser-Busch since 1967 and earned, according to the trial court’s findings, in excess of $35,000 in 1984. Appellant currently works as a sales trainee with National Piggy Back Services and earns $19,000 per year. For most of the parties’ marriage, she worked only in the home as a housewife and mother, but has had other full-time employment most of the time since 1979.
Some four years ago the parties commenced construction on a four-bedroom, two-bath home on land purchased with money accumulated during the marriage. The home, which they built themselves, was approximately 95% complete at the time of final hearing. With regard to the home, which is the major issue in this appeal, the trial court found:
The husband has made exceptional contributions to this home. While working 40 hours per week on his job he also spent every spare minute in doing the bulk of the manual labor constructing this home. He estimates that he worked some 3000 hours performing the actual labor in that construction, which was performed after his normal work hours and on weekends and holidays. It was also estimated that the wife performed manual labor on this same construction for a short period of time until she became gainfully employed. The husband estimated that she devoted 800 to 900 hours performing manual labor on this home. The husband, of necessity, paid the bulk of the cost of construction and it appears that this was truly a labor of love for the husband, who has literally spent almost every waking moment in the construction of this four bedroom, two bath home. The wife has also contributed substantially through her own personal labors and through the normal tasks she performed as a wife, but it appears that in this instance it would be totally unjust and inequitable to deny the husband a special interest in this home. Accordingly, the court finds that the husband should have a 60% interest in the home and the wife 40%.
In addition, appellee was directed to pay child support of $50 per week and permanent periodic alimony of $50 per week, and appellant was given exclusive use and possession of the marital home as a residence for herself and the minor child until September 29, 1985.
Appellant argues in her first point on appeal that the court erred in granting her husband a 60% special equity in the jointly owned home. We conclude that the lower court’s special equity award is contrary to the principles applied in this court’s decisions in Smith v. Smith, 418 So.2d 1053 (Fla. 1st DCA 1982), and McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981). In Smith, which is factually similar to the case at bar, this court reversed the special equity award and found:
*652 The wife worked outside the home at various times, and she also was found to have fully performed her duties as wife, mother, and homemaker. While the husband invested his vacation and leave time in the building of the home, considering the relative contributions of the parties, this is not one of the exceptional cases in which a special equity may rest upon an extraordinary contribution to the marriage. 418 So.2d 1054.
In McIntosh, the husband’s parents transferred 80 acres of property to him and his wife jointly, reserving life estates for themselves. The husband subsequently constructed a home on ten of the 80 acres, with the wife helping to draw the floor-plans. Throughout the 26-year marriage, the wife remained the homemaker and did not otherwise contribute financially to the construction or maintenance of the home. The trial court awarded the husband a special equity in the 80 acres. This court reversed, stating:
Between the working spouse and a homemaker, it is the normal duty of the working spouse to provide a marital home. Here, the husband chose to physically build the home and was free to do so because his wife maintained the household and performed child rearing responsibilities. Thus, there is insufficient evidence of a special contribution by the husband justifying an imposition of the special equity on the wife’s one half of the marital homestead and remaining acreage. 393 So.2d 583.
Appellee argues that Smith and McIntosh are distinguishable, asserting both cases “deal with the traditional family setting where the husband performs the manual labor while the wife performs the household duties_ In the present situation ... [both] spouses did perform manual labor in constructing the house and there is no finding ... that the wife was the spouse taking care of the family....” We note that the wife in Smith had other employment in addition to acting as homemaker. Similarly, the wife in the present case was employed outside the home at the time of home construction, and also, according to the order before us, “contributed substantially through her own personal labors and through the normal tasks she performed as a wife.” In addition to closely parallel facts the opinions in Smith and McIntosh indicate that, without regard to one spouse’s outside employment, the circumstance of the other spouse’s home building activity does not in itself negate a presumed equivalence of personal contributions by each party during a subsisting marriage.
Appellant argues in her second point on appeal that the trial court erred in not granting her exclusive use and possession of the former marital home for herself and the parties’ minor child until the minor child reached majority or became emancipated. Again we find no predicate in the order on appeal for a conclusion contrary to the usual disposition on this issue. In Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978), the wife was awarded custody of the parties’ 14-year-old child, and sought either the husband’s interest in the marital home as lump sum alimony or possession of the home during the child’s minority. The trial court ruled that neither party should be awarded exclusive use and possession of or any type of possessory interest in the marital home. In reversing on appeal, the court stated:
The trial court ... erred in refusing to award the wife possession of the marital home during the child’s minority. Unless there is a change in circumstances, such as the wife’s remarriage or a change in the child’s abode, the home should not be disturbed until the child reaches majority.
See also Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977), where this court noted that to require children to move from their home within one year of the dissolution of marriage could “only add to the children’s feeling of insecurity and frustration.”
Recognizing that the various awards made by the trial judge are interrelated, we *653 reverse and remand for reconsideration of the final judgment.
BOOTH, C.J., and SMITH, J., concur.