DOWNEY, Judge.
Appellant, Janelle C. Cook, the wife in this dissolution of marriage action, appeals from the final judgment of dissolution in which the trial court set aside a number of conveyances of realty from the husband, appellee, Donnie R. Cook, to the wife and from the wife to third persons. The judgment orders an equitable distribution of the property between the parties after setting aside the aforesaid conveyances.
The parties were married over twenty-five years, during which time they accumulated seven parcels of real property. In 1979 the parties were involved in a dissolution proceeding. It appears that throughout much of the marriage the husband had been drinking excessively and at one point, during the pendency of that dissolution proceeding, he entered a detoxification center for treatment. Upon his discharge, the wife picked him up, and the following day they went to her lawyer’s office, where the husband conveyed the seven parcels of property to the wife. The evidence adduced in this case was that the wife had told him the only way he could save their marriage was to sign the properties over to her. He did so in order to save their marriage. The evidence does not support any theory of incapacity on the husband’s part. In consideration for their continuing the marriage relationship of husband and wife he conveyed the property to her and they remained married until this proceeding was concluded. No fraud, duress, coercion or overreaching was shown. After executing the deeds to his wife, the husband took no action to disavow the conveyances for any reason until this proceeding was started some five years later. The pleading and proof was insufficient to support the trial court’s finding that the deeds from the husband to the wife were void for fraud in the inducement. See Weisman v. Weisman, 141 So.2d 622 (Fla. 3d DCA 1962).
In addition to setting aside the above-mentioned conveyances, the trial court set aside three deeds from the wife to Hedge Highway Evangelistic Association and a mortgage given by the wife to Ward Gamaliel Hall, Sr., a bishop of the association. The court found these transfers to have been negotiated without any consideration and for the purpose of precluding the court from having jurisdiction over the property. Since we hold the conveyances to the wife were valid, the husband has no standing to set aside the conveyances from the wife to the association whether they are voidable or not. Furthermore, any decree of the court affecting the association’s title to said property would not be efficacious since neither the association nor Hall was made a party to the litigation.
*1125 The foregoing portions of the final judgment vacating and setting aside the conveyances from the husband to the wife and the conveyances and mortgage from the wife to the association and Hall are reversed. This, of course, skews the trial court’s distribution of the marital estate. Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court for a redetermination of an equitable distribution of the marital assets of the parties, including those lots remaining in the wife’s name, and such other related matters as the trial court deems appropriate. If necessary, the court is authorized to consider additional evidence and testimony to effectuate a proper conclusion of the case.
REVERSED AND REMANDED, with directions.'
HERSEY, C.J., and GUNTHER, J., concur.