550 So.2d 43 (1989)
Gail E. SHELOW, Appellant,
v.
William T. SHELOW, Jr., Appellee.
No. 88-2740.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearings Denied November 9, 1989.
May L. Cain, North Miami, for appellant.
Elizabeth S. Baker, South Miami, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
Gail Shelow raises several issues in this appeal from a final judgment of dissolution of marriage. We affirm those parts of the final judgment that: (1) grant the husband primary physical residential responsibility for the children; (2) obligate the wife to pay $100 per week in child support; and (3) award exclusive possession of the marital home to the husband until the youngest child reaches the age of majority. We reverse those parts of the final order that grant the husband a special equity in the marital home and award the husband's parents an interest in the smaller home owned by the parties.
Before their marriage was dissolved, the Shelows lived in a large house in Homestead located on a two and one-half acre lot. On the same lot is a second smaller house, owned by the Shelows, where the husband's parents reside. The lot was purchased with the proceeds from the sale of the Shelows' previous home. Marital funds were also expended to purchase the materials used to construct the two houses. Mr. Shelow and his friends performed the actual construction of the larger house. Mrs. Shelow assisted by running errands and cooking for the workers and by taking care of the children. Both parties were fully employed outside the home and were on virtually equal financial footing.
At trial the husband asked for, and received, a special equity in the marital home based on the labor he expended in its construction. The court ruled that when the *44 house is sold, there shall be a 75%-25% split in favor of the husband.[1]
We reverse the special equity award on the settled law that a husband's labor in constructing a home during the course of the marriage does not, alone, entitle him to a special equity in the jointly owned marital home. Strickland v. Strickland, 494 So.2d 514 (Fla. 4th DCA 1986) (physical labor performed by one spouse on jointly owned property should not be considered a source unconnected with the marriage); Kirk v. Kirk, 488 So.2d 650 (Fla. 1st DCA 1986) (spouse's homebuilding activity insufficient to rebut presumption of equal contribution to marriage); Walser v. Walser, 473 So.2d 306 (Fla. 2d DCA 1985) (husband's extraordinary contributions in labor did not entitle him to special equity in marital home); Smith v. Smith, 418 So.2d 1053 (Fla. 1st DCA 1982) (husband's construction of marital home during his vacation did not entitled him to special equity); McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981) (where husband chose to physically build home and was free to do so because wife maintained household and took care of children there is insufficient evidence of special contribution to justify special equity).
With respect to the court's award of an interest in the marital property to the husband's parents, the facts show that the paternal grandparents reside in the parties' smaller house and have been making monthly "mortgage contributions" to the husband. They also contributed $4,200 toward building the smaller house. The final judgment orders that at the time the marital property is sold the paternal grandparents shall be reimbursed for their "$4,200 investment in the small house, plus their mortgage contributions at the rate of $500.00 per month." The wife contends that the ruling is erroneous for two reasons: First it awards relief to nonparties to the lawsuit, and second, it has the effect of requiring her to provide the husband's parents with a rent-free residence. We agree.
The husband's parents, who are not parties to this action and who made no claim for relief, are not entitled to "collect" through this action. See McCready v. McCready, 356 So.2d 337 (Fla. 4th DCA) (mother who loaned money to parties to purchase properties was not party to dissolution action, and therefore, had no right to participate in proceedings), cert. denied, 364 So.2d 887 (Fla. 1978). A trial court may not adjudicate the rights of those not parties to the divorce action, see Freidus v. Freidus, 89 So.2d 604 (Fla. 1956); Cook v. Cook, 512 So.2d 1123 (Fla. 4th DCA 1987); Turner v. Turner, 175 So.2d 47 (Fla. 3d DCA 1965), or decree relief that has not been requested nor tried by consent. Miceli v. Gilmac Developers, Inc., 467 So.2d 404 (Fla. 2d DCA 1985).
Finally, the court erred in ordering that the husband's parents be reimbursed for their $500 monthly "mortgage contributions." A trial court cannot order a spouse to provide free housing to her former in-laws. When the house is sold, the parties need not reimburse the husbands' parents for their monthly rental payments. Further, the wife is entitled to one-half of the rent paid by the husband's parents. Where the former spouse in possession of the property leases it to others, the rent or "profits" are deemed received for the benefit of both cotenants. Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989); see generally Annotation, Accountability of Cotenants for Rents and Profits or Use and Occupation, 51 A.L.R.2d 388 (1957). To permit the husband to retain the entire monthly payment is particularly inequitable in this case, in view of the showing made *45 by Mrs. Shelow that she is without sufficient means to obtain equivalent housing for herself. Her share of the rental proceeds should be credited against her support obligation.
The award of a special equity in the home to the husband is reversed; the denial to the wife of half the monthly rent receipts is reversed; the award to the non-party parents of the husband is reversed and on all three points the cause is remanded for further consistent proceedings. In all other respects the judgment is affirmed.
NOTES
[1] Specifically, the final judgment provides that the husband shall receive:

[S]eventy-five percent (75%) of the proceeds attributable to the value of the improvement known as the main house, and the Wife shall receive the remaining twenty-five percent (25%) of the proceeds attributable to the main house.
The Husband and the Wife shall each receive one-half of the remaining proceeds attributable to the value of the land itself and one-half of the remaining proceeds attributable to the value of the small house.
The parties agree that the "improvement" referred to in the final judgment refers to the entire main house.