DELL, Judge.
Louis Kurland appeals from a final judgment of dissolution of marriage. He has failed to demonstrate reversible error in any of the points raised in his appeal. Therefore, we affirm the final judgment in all respects.
On cross-appeal, Sylvia Kurland contends the trial court erred when it modified the final judgment to require her to pay one-half of the expenses of the marital home. We agree.
On August 13, 1987, the parties purchased a home. The property was conveyed by warranty deed which titled the property in both parties’ names as husband and wife. On February 9, 1988, they executed a quit-claim deed. The quit-claim deed conveyed a life estate to the wife with the remainder to the husband. The deed also required the husband to pay all of the costs of ownership and maintenance on the marital home during her life estate.
In the dissolution proceedings, the husband sought to set aside the quit-claim deed. The trial court concluded in its original final judgment that the quit-claim deed was valid and enforceable, and ordered the husband to pay mortgages, taxes, insurance and maintenance on the home during the life estate, as provided in the deed. Later, the trial court partially granted the husband’s motion for rehearing and modified the final judgment to provide the wife shall be responsible for fifty percent of the present mortgage payments, taxes and insurance on the marital home.
We find no basis in the record to support the trial court’s modification of the clear *1092 and unambiguous language of the quitclaim deed. Accordingly, we reverse the order on rehearing. See Cook v. Cook, 512 So.2d 1123 (Fla. 4th DCA 1987).
AFFIRMED IN PART and REVERSED IN PART.
FARMER and KLEIN, JJ., concur.