DAUKSCH, Judge.
This is an appeal from a final judgment which was entered after the parties presented the trial judge with the pleadings, a stipulated statement of facts and opposing memoranda of law. Among the various allegations of error is the assertion on the part of the appellant that it was denied due process of law by the court’s refusal to allow the appellant to answer allegations of estoppel and waiver which appellee raised as affirmative defenses. It is clear from the record that after the parties had agreed to present the case to the court upon the pleadings, the stipulated statement of facts and the legal memoran-da, the appellee filed a motion to amend its Answer in order to raise for the first time the affirmative defenses of estoppel and waiver. Before any reply to those affirmative defenses could be filed the trial court entered an order granting the motion to amend the pleadings, allowed the defenses and entered judgment. Upon a motion for rehearing the court refused to reopen the case to permit a reply to the affirmative defenses. This was error because it violated appellant’s due process right to be heard in court. It is basically unfair for the court to refuse to allow the appellant to respond to a new pleading raising new issues after it was agreed by all that the case was submitted to the court for its consideration (with only the lawyers’ argument left to be submitted.) See Cavalier v. Ignas, 290 So.2d 20 (Fla.1974); see also Ryan’s Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 (Fla.1935); Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962).
The judgment is reversed and this cause is remanded to the trial court to permit a response, by motion or otherwise, to the Motion for leave to Amend and the Amend *1269 ment to Answer and such other proceedings as might be needed.
REVERSED AND REMANDED.
ORFINGER, C. J., and COWART, J., concur.