432 So.2d 1389 (1983)
Althea B. HU, Appellant,
v.
Frank Ting-Yi HU, Appellee.
No. 82-1253.
District Court of Appeal of Florida, Second District.
June 22, 1983.
*1390 Charlie Luckie, Jr., of Dayton, Sumner, Luckie & McKnight, Dade City, for appellant.
Richard Oehler, Tampa, for appellee.
DANAHY, Judge.
Neither party is entirely happy with the financial and property awards contained in the final judgment of dissolution of marriage which is before us for review. We affirm in part and reverse in part.
The trial judge determined that the wife should receive rehabilitative rather than permanent periodic alimony. Considering the wife's age and prospects, that determination was well within the trial judge's discretion. However, the award of rehabilitative alimony is on a reducing scale extending over a period of five years. There is no evidence in the record providing any reason for the periodic reductions of the rehabilitative alimony award. Accordingly, we disapprove and reverse that part of the final judgment which provides that the rehabilitative alimony shall be subject to reductions over the five-year period of the award. The trial judge is instructed, on remand, to make the rehabilitative award a constant amount over the five-year period. Rose v. Rose, 426 So.2d 975 (Fla. 5th DCA 1982).
The parties owned six pieces of real property in their joint names. The trial judge, who made a monumental effort to be fair, divided these properties by awarding three to the wife and three to the husband. Such awards can only be sustained as reciprocal lump sum awards. We are aware that our sister court has recently adopted the doctrine of equitable distribution as a vehicle for dividing or allocating marital property. Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982). We respectfully disagree and adhere to our decision in Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982), in which we held that the theory of equitable distribution is not an independent vehicle for an award of property in a dissolution of marriage proceeding. We held in that case that property of the parties in a dissolution of marriage proceeding should be disposed of by resort to the concepts of alimony and special equities with due regard given for the contribution of both parties. Equitable distribution is the end rather than the means.
In the instant case, the husband filed no pleading requesting an award of lump sum alimony nor asserting a special *1391 equity in any of the parties' jointly-owned properties. Neither party requested partition of those properties. Under such circumstances, it was error for the trial judge to award the wife's interest in these properties to the husband. There may be justification for a lump sum award to the husband, but that issue must be framed by the pleadings, and both parties given an opportunity to present evidence specifically directed to that issue.
On this appeal, each party claims that the property awards disproportionately favor the other party. Their arguments are based on their respective estimates of the values of the property. There are other considerations, such as the debt obligation borne by each piece of property, the cash flow needed to meet that obligation, and the income-producing potential of each piece of property. The trial judge should revisit these matters and provide the parties an opportunity to present evidence specifically establishing values, debt obligations, and income flow. We repeat that the husband must plead and establish a justification for any lump sum award to him. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). If there is none, the parties must remain tenants in common as to those jointly-owned properties not awarded to the wife.
Since the trial judge obviously awarded some of the jointly-owned property to the wife to balance awards of other jointly-owned property to the husband, we reverse all the property awards for reconsideration in light of this opinion.
The wife is unhappy with the amount of her rehabilitative alimony award. On the record before us, we cannot say that the amount awarded was an abuse of the trial judge's discretion. However, since we are remanding this case to the trial judge for reconsideration of the property awards and because the trial judge obviously viewed all of the awards as interrelated and an entire package, we reverse the rehabilitative alimony award as to its amount and remand for reconsideration.
We affirm the trial judge's determination that the wife failed to sustain her claim to a special equity in the husband's business. We do note, however, that the trial judge felt that the wife should receive some consideration for her efforts in the business, and justified her lump sum award of other property in part on that basis. That approach is thoroughly correct and should remain a consideration to be taken into account when the trial judge reexamines the awards.
REVERSED in part, AFFIRMED in part, and REMANDED with instructions.
GRIMES, A.C.J., and RYDER, J., concur.