437 So.2d 234 (1983)
In re the Marriage of Lynn Earl LYNCH, Appellant,
v.
Rhonda Kay LYNCH, Appellee.
No. 82-777.
District Court of Appeal of Florida, Fifth District.
September 15, 1983.
*235 Allan C. Draves, Orlando, for appellant.
Johnie A. McLeod of McLeod, McLeod & McLeod, Apopka, for appellee.
ORFINGER, Chief Judge.
This appeal from a judgment of dissolution of marriage challenges the award to the wife, as lump sum alimony, of the husband's interest in the marital home of the parties. We reverse the judgment as it pertains to that award.
The parties were married in August, 1976, and lived together for five years before the dissolution action was filed by the husband. No children were born of the marriage. Both parties were in their early thirties at the time of the dissolution proceedings and both were employed. The husband is a self-employed auto body repairman and the wife is a registered radiological technician. The record reflects that they each earn approximately $250 per week.
Other than the marital home and its furnishings, the only other assets of the parties consisted of a 1980 280Z Datsun automobile, a 1977 Pontiac TransAm automobile and a 1978 Suzuki motorcycle. The final judgment awarded the Datsun 280Z to the wife and the Pontiac TransAm and Suzuki motorcycle to the husband. Additionally, the husband's interest in the marital home and furnishings was awarded to the wife as lump sum alimony. Only that portion of the judgment awarding to the wife the husband's interest in the marital home is questioned on this appeal.
This court has previously held, and we again hold that there are two types of lump sum alimony:

The first type relates to support and occurs where the court finds from circumstances sufficient need on the part of one spouse and sufficient ability to pay on the part of the other spouse to warrant permanent alimony and also further finds that unusual circumstances exist justifying the determination that the alimony should be in the form of a lump sum award rather than being paid periodically. The second type, or use of, lump sum alimony relates to making an equitable division of marital property. (emphasis supplied).
Gorman v. Gorman, 400 So.2d 75, 78 (Fla. 5th DCA 1981).
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the supreme court approved the use of lump sum alimony to ensure an equitable distribution of property acquired during the marriage. It held that:
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payments without substantially endangering his or her economic statutes.
382 So.2d at 1201.
Because the trial court here did not indicate the basis on which the lump sum award was made, we have examined the record to determine if it can be supported either as support alimony or as an equitable distribution of property.
Prior to Canakaris, other courts agreed that need was a necessary ingredient to an award of lump sum (support) alimony. Martin v. Martin, 376 So.2d 400 (Fla. 1st DCA 1979); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979). Although the fourth district appears to now believe that Canakaris has done away with any requirement to show need, and that only a showing of "justification" is required, Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA *236 1982), we believe that Canakaris does not support that view when lump sum alimony is awarded for support purposes. In Canakaris, the court discussed the effect of Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), on the issues before it, and said:
"Yandell clearly does not limit the use of lump sum alimony to instances of support or vested property interests." (emphasis supplied).
382 So.2d at 1201.
We thus read Canakaris as confirming the two-fold use of lump sum alimony  for support, when a need and a concomitant ability is shown, and as a tool for equitably dividing marital property when justification is shown, as well as a concomitant ability to comply.
In Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980), the issue before the court was whether the trial court, in its judgment of dissolution, could reserve jurisdiction to determine issues relating to alimony and property rights and thereafter make an award of alimony to the wife after she has remarried. The court said:
The district court's conclusion was correct insofar as it involved any alimony necessary for the support of the wife. Certainly, temporary alimony payments which had been established by previous court order were terminated by the remarriage. Also barred is any facet of periodic or lump sum alimony which is predicated on the need to support the wife. Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924).

We find, however, that remarriage of the wife does not bar consideration of lump sum alimony to the extent it is used to provide the wife with an equitable share of the assets of the parties accumulated during their marriage, as distinguished from her need for support. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we cited Yandell v. Yandell, 39 So.2d 554, 556 (Fla. 1949), as approving lump sum alimony where the wife had "assisted her husband in accumulating property...." We do not determine in the instant case that the wife is necessarily entitled to any lump sum alimony; rather, we hold only that the trial judge in the instant case has jurisdiction to award such lump sum alimony if it is found necessary to "compensate the wife for her contribution to the marriage" in accordance with the standards set forth in Canakaris v. Canakaris; see Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). We emphasize that any award made in this instance would be based on her equitable share of the assets resulting from her marital contribution rather than her need for support. (emphasis supplied).
393 So.2d at 1062.
We find nothing in Canakaris that purports to abolish the use of lump sum alimony for support purposes. See section 61.08, Florida Statutes (1981). Rather, as reinforced by Claughton, the Canakaris court was clarifying earlier confusion in the definition and application of the term "special equity" as it had been used in conjunction with lump sum alimony awards. Canakaris and Claughton support our view that lump sum alimony, under appropriate circumstances, is still a viable tool for support purposes, in addition to which it may also be used as a vehicle by which one spouse may be awarded an equitable share of the assets of the marriage resulting from his or her marital contribution.
Using the criteria set forth in section 61.08, Florida Statutes (1981),[1] to determine *237 whether the trial court properly awarded the lump sum alimony award, it is important for the court to consider all relevant economic factors. The marriage lasted only five years and the financial resources of the parties are, at this point, virtually the same. With or without her husband's support, the wife appears capable of maintaining the standard of living established during the marriage. Moreover, while the wife has suffered some health problems, they have not been serious enough to impair her earning ability, as evidenced by the fact that she has not missed a day of work without pay, so her health is an insufficient basis for support-type alimony. Further, the husband's job changes over the past few years is a factor of little significance to the wife's showing of need. Both parties are in their early thirties and contributed equally to the marriage and maintenance of the home. As a result, the wife, at least economically, has not adequately shown need for support, so the award cannot be sustained on that basis.
A trial court may award property as lump sum alimony to ensure an equitable distribution of property acquired during the marriage provided the evidence reflects (1) a justification for such award and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. Canakaris, 382 So.2d at 1201. In Gorman, the trial court had awarded the marital home to the wife as lump sum alimony. It was, as in the instant case, the only asset of value accumulated during the marriage, and as a result, this court held:
... where, as here, the home is substantially the only asset of value accumulated during the marriage, there are no special equities and no necessity for a lump sum alimony award for support purposes, and the home is jointly owned, there is no necessity for the application of equitable remedy of lump sum alimony in order to make an equitable and just distribution of the home. That result is achieved by the property law concepts embodied in section 689.15, Florida Statutes, which provides "in cases of estates by the entirety, the tenants, upon dissolution of marriage, shall become tenants in common." Gorman [400 So.2d] at 79; Bullard v. Bullard, 413 So.2d 1238, 1239 (Fla. 3d DCA 1982).
In Gallagher v. Gallagher, 399 So.2d 75 (Fla. 5th DCA 1981), this court stated in reiteration of Canakaris, supra, that
A trial judge should ensure that neither spouse automatically passes from misfortune to prosperity or from prosperity to misfortune, nor in the totality of circumstances should one spouse be "shortchanged." Gallagher at 77.
Clearly, appellant has been "shortchanged" here.
Because the trial court did not apply the correct rule of law in making the award of lump sum alimony in that there is no showing of need for support nor any justification for depriving appellant of his only substantial asset, we reverse the final judgment insofar as it awards appellant's interest in the marital home to appellee, and remand the cause for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I fully concur in Judge Orfinger's opinion. However, compare, and also see the cases cited in the dissent in Sanders v. Sanders, 435 So.2d 372 (Fla. 5th DCA 1983).
NOTES
[1] § 61.08 provides in part:

(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of both parties.
(d) The financial resources of each party.
(e) Where applicable, the time necessary for either party to acquire sufficient education or training to enable him or her to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education and career building of the other party.
The court may consider any other factor necessary to do equity and justice between the parties.