CAMPBELL, Judge.
Appellant/wife, Jean L. Abbe, appeals from a final judgment which dissolved the parties’ twenty-four year marriage and awarded appellant’s interest in jointly owned property to appellee/husband, Mar-non F. Abbe.
*999 Appellant sought exclusive possession of the marital home or an award of appellee’s interest in the house as lump sum alimony. Appellant also prayed for appellee’s interest in their jointly owned business property, their jointly owned mobile home and mobile home lot, and several pieces of jointly owned real property. Alternatively, she requested that the pieces of real property be partitioned. Appellee answered and prayed for equitable distribution in accordance with the parties’ interest.
The trial court made the following awards: Appellee was ordered to pay child support of $50 per week per child and $100 per month in rehabilitative alimony for four years. Appellant was awarded the marital home with appellee paying the mortgage. Appellant was ordered to convey her part of the jointly held business to appellee, along with the jointly owned mobile home lot property and the mobile home. The remaining properties were left as they were, to be held as tenants in common. Based on these facts, appellant claims the trial court improperly made an award of lump sum alimony to appellee of appellant’s interest in their jointly held property.
The following questions are presented by this appeal:
I. WHETHER THE COURT MAY AWARD LUMP SUM ALIMONY TO A PARTY WHO HAS NOT SPECIFICALLY PRAYED FOR LUMP SUM ALIMONY?
II. IF NOT, WHETHER A PRAYER FOR EQUITABLE DISTRIBUTION ALONE, WITHOUT REFERENCE TO ALIMONY, MAY SUPPORT AN AWARD OF LUMP SUM ALIMONY?
Traditionally, a specific prayer for lump sum alimony has been required to support an award of lump sum alimony. Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981); Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978). Absent allegations of need, or consent of the parties at trial, the specific prayer for a lump sum alimony was considered necessary to provide adequate notice to the opposing party. Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), pet. for. rev. denied, 424 So.2d 762 (Fla.1983); Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978).
However, in recent years, awards of lump sum alimony based on a general prayer for temporary or permanent alimony have been upheld. Maas v. Maas, 440 So.2d 494 (Fla. 2d DCA 1983); McIntosh v. McIntosh, 432 So.2d 176 (Fla. 1st DCA 1983), receding from Nalley and Foxx; Caidin v. Caidin, 367 So.2d 248 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 765 (Fla.1980). The rationale is that under section 61.08, Florida Statutes, a general prayer for alimony invokes the authority of the trial court to choose the method of payment of lump sum alimony.
In the case at bar, however, the trial court awarded lump sum alimony based on a prayer for “equitable distribution” where there was no claim for “alimony” of any kind. Under these circumstances, equitable distribution was used as a vehicle for dividing marital property. We, therefore, adhere to the precedent of our decisions in Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983), and Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). Equitable distribution is the end rather than the means. Alone, it is not a vehicle for dividing marital property. Lump sum alimony is the proper vehicle for obtaining equitable distribution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The traditional concepts of alimony and special equity must be used to distribute marital property. Otherwise, the trial court will be making a property settlement without the consent of the parties. The trial court is not authorized to make such a settlement. Hart v. Hart, 377 So.2d 51 (Fla. 2d DCA 1979); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979); Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974); But see Maas v. Maas.
Therefore, following our precedent in Hu and Powers, we reverse the award of lump sum alimony to appellee in this case. As to appellant’s claim that she was denied her right to trial, we find no merit. Nor did *1000 the lower court err by failing to award permanent alimony to appellant.
The trial judge clearly awarded appellant’s interest in jointly held property to appellee to balance other awards of jointly held property to appellant. We can find no fault with the fairness and equity of the manner of his division of the parties’ properties. However, because we must reverse the awards to appellant for the reasons stated herein, we reverse all of the property awards to the parties and remand to the lower court for reconsideration in accordance with this opinion. It may be necessary for the parties to plead anew in regard to their property interests, and if so, the trial court may well end up with the same result. The parties, therefore, might be well advised to amicably settle their differences rather than prolong this litigation.
Our adherence to the precedents of this court in Hu and Powers causes us to be in conflict with Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983) and Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982). Both Lynch and Tronconi are examples of the move toward interrelated and interdependent awards of alimony and divisions of property resulting from the Cana-karis concept of lump sum alimony as a means of equitably distributing marital property. (See Lynch v. Lynch for further description of the two types of lump sum alimony.) Since Canakaris, one or both parties frequently pray for equitable distribution without a corresponding claim for alimony. Under our precedents, if one party fails to pray for alimony, there may be no vehicle for distributing marital property to that party and equitable distribution may be impossible. It is this unfortunate result which leads us into conflict with our sister courts. We see considerable merit in the position of our colleagues of the Fifth District Court of Appeal in Lynch. This is particularly true in light of the statement in Canakaris that “[a] judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage.” If that statement is literally construed, it makes some sense to sustain an award of lump sum alimony for the purpose of equitably distributing the property of the parties based solely on á prayer for “equitable distribution.” Following this construction, the prayer for equitable distribution would provide sufficient notice to the opposing party that his or her assets could be subject to a lump sum alimony award. We recognize that a prayer for equitable distribution alone, without reference to alimony, would not support an award of alimony on a traditional basis. Therefore, we certify the questions presented by this case to the Florida Supreme Court:
I. WHETHER A PRAYER FOR EQUITABLE DISTRIBUTION ALONE, WITHOUT REFERENCE TO ALIMONY, MAY SUPPORT AN AWARD OF LUMP SUM ALIMONY FOR THE PURPOSE OF EQUITABLE DISTRIBUTION OF THE PROPERTY OF THE PARTIES?
II. IF SO, WHETHER BOTH PARTIES MUST PRAY FOR EQUITABLE DISTRIBUTION OR WHETHER A PRAYER FOR EQUITABLE DISTRIBUTION BY ONE PARTY IS SUFFICIENT TO SUPPORT AN AWARD OF LUMP SUM ALIMONY TO EITHER PARTY FOR THE PURPOSE OF THE EQUITABLE DISTRIBUTION OF THE PROPERTY OF THE PARTIES?
We, therefore, reverse and remand for treatment consistent with this opinion.
OTT, C.J., and HOBSON, J., concur.