LEHAN, Judge.
The husband appeals certain portions of the lump-sum alimony awards to the wife in this dissolution of marriage action. We reverse and remand for reconsideration of the awards. ■
The husband first contends that the trial court could not equitably distribute the marital property via lump-sum alimony because the wife requested lump-sum alimony only for support purposes, and the wife had sufficient income and property in her own name to meet her stated support needs. The husband cites Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983), and Abbe v. Abbe, 442 So.2d 998 (Fla. 2d DCA 1983), as support for his argument. We disagree with the husband’s contention. In her petition for dissolution the wife did ask for equitable distribution in a paragraph of the petition which was followed by a paragraph which stated that she was dependent upon her husband for support. However, the wife’s petition also included a prayer for lump-sum alimony that was not tied to any statement regarding support. The mere fact that the wife asserted a need for sup *1044 port should not necessarily limit her requested lump-sum alimony award to support. Contrary to the husband’s argument, we find in Hu and Abbe no requirement that the wife’s specific justification for equitable distribution be pleaded in the manner apparently contended for by the husband. Thus, we affirm as to the trial court’s authority to equitably distribute the marital property under the pleadings in this case.
As his second point the husband contends that the awards of lump-sum alimony should be reversed because the award to the wife of the husband’s interest in a jointly-held citrus grove, which was the parties’ major income-producing property, left the husband a disproportionately small share of income and large share of the debts and expenses. We agree with the husband in this regard. The parties’ income from all farming operations in 1981 was 84 percent of their adjusted gross income and in 1982 was 69 percent of their adjusted gross income, according to their income tax returns. The Farm Income and Expenses Reports (Schedule F) attached to the tax returns for those years show that most of the gross farm income (before deducting farm expenses) was derived from the citrus grove. The grove produced 99 percent of the gross farm income in 1981 and 87 percent in 1982. It is apparent that the farm operations other than those involving the grove accounted for only a small percentage of the farm income, while incurring a large percentage of the expenses. From the record it is difficult or impossible to calculate or estimate with precision the anticipated net income figures for the husband and the wife as a result of the award. The record only reflects tax calculations for the parties’ farm income before the division of the farm property, and there is inadequate basis in the record to determine proper allocation of expenses between the husband’s and wife’s shares after the division. However, it seems apparent that the result of the trial court’s distribution of the grove to the wife and of other farm property to the husband is that the husband is left with the lion’s share of debts and expenses and only a minor share of the income.
The parties had been married 36 years. The husband was 59 years old and the wife was 57 years old. The wife was retired from a job and drawing a pension of $267.00 a month. The husband had spent his life acquiring and managing the grove business and another agricultural business in which after the dissolution judgment he had a 40 percent interest.
We recognize that the purpose of the trial court in awarding the grove property to the wife might have been to provide her with income not dependent upon the husband’s continued business management. While we do not disagree with the general propriety of such a goal, we believe that the particular plan of distribution formulated in this case has the effect of being grossly unfair to the husband.
An award of lump-sum alimony cannot be made unless the evidence reflects “financial ability of the [paying] spouse to make such payment without substantially endangering his or her economic status.” Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). The record indicates that the award to the wife of the parties’ major income-producing property will substantially endanger the husband’s economic status. We do not believe that reasonable persons could differ about the impropriety of the award. See Canakaris, 382 So.2d at 1203. We do not believe that Conner v. Conner, 439 So.2d 887 (Fla.1983), apparently limiting the scope of appellate review of certain property distributions, requires a different result under the facts of this case. That is, we do not believe that Conner, which cites with approval Canakaris, requires that in this case we disregard the foregoing dictates of Canakaris. See generally Haney v. Haney, 450 So.2d 256 (Fla. 2d DCA 1984); Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984); Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984).
Accordingly, we reverse the award of lump-sum alimony and remand for the trial court to make a more equitable distribution *1045 of the marital property. Although we are reversing in light of the award of the citrus grove, the property awards were interrelated and part of one overall plan. Therefore, on remand the trial court may, if necessary to do equity between the parties, modify other financial aspects of the final judgment while correcting the disparity described above.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
SCHOONOVER, A.C.J., and HALL, VINCENT T., Associate Judge, concur.