PER CURIAM.
In this dissolution of marriage case, the wife makes two contentions on appeal. First, the wife contends that the trial court erred in denying her request for lump sum alimony or special equity. Second, the wife contends that the trial court erred in awarding to the husband the wife’s interest in two pieces of jointly held property.
*591 As to the first contention, we affirm. See Conner v. Conner, 439 So.2d 887 (Fla.1983).
As to the second contention, we agree with the wife and reverse. The trial court was without authority to make the award to the husband of the wife’s interest in jointly held property simply on the basis of the husband’s general prayer for equitable distribution. See Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983). We feel that a divestment of real property in a dissolution of marriage case should not be without proper pleadings and the opportunity to respond.
The purpose of the award was to repay the husband for money withdrawn by the wife from a joint account pending the dissolution. According to the wife, the withdrawal was a form of self help to offset greater social security benefits accruing to the husband because the wife had not drawn wages when they had worked together in their marina businesses. Upon remand the trial court could order the wife to repay the sum. The record indicates ample liquid assets from which repayment could be made. But even if not, repayment could be ordered within a time which would permit her for that purpose to sell or mortgage whatever portions of her property she chooses. Another alternative could be the same type of award to the husband as initially made but pursuant to proper pleadings therefor and after' consideration of any response thereto by the wife.[1]
Affirmed in part, Reversed in part, and Remanded.
RYDER, C.J., and LEHAN, J., concur.
GRIMES, J., concurs in part and dissents in part with opinion.

. The dissent notes that the wife does not complain to us about the trial court’s choice of properties or the value of the wife’s real property chosen by the trial court to award to the husband. We respectfully respond that since, as we have concluded, the trial court under the circumstances of this case lacked authority to make any award of her real property to the husband, that aspect was not and need not have been in issue. Whether she complained about the trial court choosing particular property does not seem relevant to the issue of whether the court had that authority.