ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
Appellant wife’s motion for rehearing en banc fails to comply with Florida Rule of Appellate Procedure 9.331(c)(2). However, we treat her motion as a motion for rehearing.
In this motion the wife alleges that in affirming the trial court’s judgment of dissolution of marriage we overlooked one of her arguments. She contends that appellee husband’s pleadings were insufficient to allow the court to award him her interest in their jointly owned sailboat, the former marital premises. ' Appellant is correct. Ruddy v. Ruddy, 464 So.2d 590 (Fla. 2d *709 DCA 1985); Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983). On that point we grant the motion for rehearing; in all other respects we deny the motion.
We have re-examined the record. We find that this oversight can be corrected without requiring the trial court to revisit the equity of other awards. Accordingly, we direct the trial court to enter an amended final judgment vacating the award to appellee of appellant’s interest in the sailboat. Thus, the parties shall become tenants in common of the sailboat. See § 689.15, Fla.Stat. (1983). Otherwise, the final judgment is affirmed.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.