475 So.2d 206 (1985)
Jean L. ABBE, Petitioner,
v.
Marnon F. ABBE, Respondent.
No. 64794.
Supreme Court of Florida.
August 29, 1985.
*207 Charles J. Cheves of Cheves and Rapkin, Venice, for petitioner.
John M. Hathaway, Punta Gorda, for respondent.
ADKINS, Justice.
The Second District Court of Appeal, adhering to its prior precedents, held that in a dissolution proceeding a prayer for equitable distribution alone by one party without any reference to alimony would not support an award of lump sum alimony to that party. Abbe v. Abbe, 442 So.2d 998 (Fla. 2d DCA 1983). In doing so, the court recognized that its holding was in direct conflict with Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983), and Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982). Therefore, it certified the following questions to this Court:
I. Whether a prayer for equitable distribution alone, without reference to alimony, may support an award of lump sum alimony for the purpose of equitable distribution of the property of the parties?
II. If so, whether both parties must pray for equitable distribution or whether a prayer for equitable distribution by one party is sufficient to support an award of lump sum alimony to either party for the purpose of the equitable distribution of the property of the parties?
442 So.2d at 1000. We have jurisdiction. Art. V, § 3(b)(3), (4), Fla. Const. We hold that a prayer for equitable distribution by either one or both parties to a dissolution proceeding without reference to alimony will support an award of lump sum alimony to either or both parties for the purpose of equitable distribution of the property of the parties. We further hold that petitioner was denied her right to a trial of the contested issues in this case.
Jean Abbe filed a petition in circuit court for dissolution of the parties' twenty-four year marriage. She sought custody of their two children, child support, and permanent periodic alimony. With regard to the property of the parties, she prayed for exclusive possession of the marital home or an award of her husband's interest in the house as lump sum alimony. She also prayed for her husband's interest in their jointly owned business property, their jointly owned mobile home and mobile home lot, and several pieces of jointly owned real property. Alternatively, she requested that the pieces of real property be partitioned. Marnon Abbe answered and prayed for equitable distribution in accordance with the parties' interests.
The final judgment of dissolution recites that the trial court heard the testimony of the parties and reviewed the evidence presented. In the final judgment, Jean was awarded child custody and support and four years of rehabilitative alimony, but no permanent periodic alimony. Jean also was awarded Marnon's interest in the marital home as lump sum alimony and Marnon was ordered to pay the mortgage. Marnon was awarded Jean's interest in the jointly held business, the jointly owned mobile *208 home lot, and the mobile home. The remaining properties were left as they were, to be held as tenants in common.
Jean appealed, asserting that she had been denied her right to a trial of the issues. Specifically, she challenged the trial court's denial of permanent periodic alimony and the award of her interest in the business and its property to Marnon.
The district court adhered to its precedents in Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983), and Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). These cases hold that the trial judge is not authorized to award lump sum alimony to a party who has not specifically requested it in his or her petition or counter-petition. Without this request, the court held, absent allegations of need, or consent of the parties at trial, the specific prayer for lump sum alimony was considered necessary to provide adequate notice to the opposing party. Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), review denied, 424 So.2d 762 (Fla. 1983); Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 472 (Fla. 1979). However, the court recognized that since our decision in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), there has been a move in some of the other districts towards interrelated and interdependent awards of alimony and divisions of property. 442 So.2d at 1000 (citing Lynch and Tronconi). The Court saw "considerable merit" in this position but declined to adopt this view for its district and chose instead to certify the question.
In Canakaris we authorized the use of lump sum alimony to ensure an equitable property distribution. We stated:
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.
382 So.2d at 1201 (citation omitted).
We also recognized that dissolution proceedings call for broad judicial discretion to provide that both parties receive what is equitable and just regarding the property settlement.
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme.
Id. at 1202.
It is true, as the district court points out, that equitable distribution is the end, not the means. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). However, as Canakaris makes clear, the goal of an equitable distribution of property may be achieved through a number of vehicles which may be utilized by the trial judge, among them lump sum alimony. Thus, we hold that a prayer for equitable distribution provides sufficient notice to the opposing party that the trial judge may award his or her interest in the marital property as lump sum alimony.
We agree with petitioner that she has been denied her constitutional right to a trial of the issues in this case. The record reveals that no testimony was taken and no documents were admitted into evidence. Yet the final judgment of dissolution incorrectly recites that the trial judge "heard the testimony of the parties and ... reviewed the evidence presented." The attorneys simply discussed the case with the trial judge, often disagreeing on the factual issues, and then the trial judge stated, "Looks to me like you got a divorce." He then announced his decision concerning the property settlement and support.
Sometimes parties to litigation may by agreement present a case to the trial judge on a stipulated statement of fact and legal memoranda. See, e.g., Balboa Insurance *209 Co. v. St. Johns Engineering Co., 416 So.2d 1268 (Fla. 5th DCA 1982). However, there was no stipulated statement of facts here, and there clearly were a number of fact issues.
The lack of a trial also necessitated relinquishment of jurisdiction to the trial court for the purpose of proving subject matter jurisdiction when Marnon himself made a motion to confess error on this point.
Therefore, without a hearing, we cannot be sure, as the district court held, that there was no error in the trial court's division of the parties' properties. We therefore quash the decision of the district court of appeal and remand with instructions to further remand to the trial court for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.