492 So.2d 467 (1986)
Tommy Earl HAMM, Appellant,
v.
Janice B. HAMM, Appellee.
No. BJ-170.
District Court of Appeal of Florida, First District.
August 7, 1986.
*468 Larry A. Bodiford of Hutto, Nabors and Bodiford, Panama City, for appellee.
Rhonda S. Martinec of Daniel, Komarek & Martinec, Panama City, for appellant.
SMITH, Judge.
The husband appeals a final judgment of dissolution contending that the trial court erred in awarding lump sum alimony to the wife when the parties agreed in a pretrial stipulation that neither party was seeking alimony of any kind, including lump sum alimony, although the wife's petition for dissolution included a prayer for alimony. The husband further complains that the trial court erred in considering his shares in a closely held corporation as a marital asset in the equitable distribution plan. We affirm.
Both parties requested the trial court to equitably distribute the marital assets. During their marriage, the parties acquired a marital home which was sold for approximately $63,217.18. The husband has an IRA account with a current value of approximately $24,500.00 and the wife's IRA account is valued at approximately $5,700.00. The value of the husband's shares of stock in the closely held corporation, a family business, is $84,000.00.
The husband argued unsuccessfully below that his shares of stock constituted separately owned property, therefore not a marital asset subject to distribution. The fact that the shares of stock are titled in the husband's name only, however, is not *469 determinative. Instead, the crucial inquiry is whether the property was legally and beneficially acquired by both or either of the parties during the marriage. Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986). Any doubt that property owned or titled solely in one spouse's name is for that reason alone not to be considered a marital asset was clearly dispelled by the recent decision in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) (husband's entitlement to pension or retirement benefits to be considered a marital asset for purposes of equitable distribution). The trial court determined here, based upon competent substantial evidence, that the husband's stock was an asset acquired by the husband during the marriage, and implicitly found, contrary to the husband's position, that it did not constitute a gift from the husband's parents entitled to be shielded from equitable distribution. Accordingly, the trial court equitably distributed the parties' assets by awarding the wife $30,000.00 in lump sum alimony to be paid out of the husband's one-half share from the proceeds of sale of the parties' marital home. The husband was permitted to retain his interest in the stock and his IRA while the wife retained her IRA.
The husband urges here, however, that since the parties had stipulated that neither were seeking lump sum alimony, the trial court was precluded from using lump sum alimony as a vehicle to equitably distribute their assets. We find that the "stipulation," under the circumstances presented here, could not be asserted in the manner sought by the husband to alter the division of assets by the trial court.
In Abbe v. Abbe, 475 So.2d 206 (Fla. 1985), the court further refined the concept of "equitable distribution" by holding that a prayer for equitable distribution without reference to alimony will support an award of lump sum alimony "for the purpose of equitable distribution of the property of the parties." Id. at 207. Thus, when the parties in this case stipulated that the court should equitably distribute the marital property, but should not consider alimony, the effect was to limit the trial court's awards to those necessary to achieve the goal of equitable distribution, without making a division based on the traditional alimony concepts of need and ability to pay. That the trial court so viewed the effect of the parties' instruction to the court that neither was claiming "alimony" is clear, since the court included in the final judgment a recitation that the wife's claim for "equitable distribution" would be treated as a "special claim," to be satisfied by a lump sum alimony award as "the only vehicle available to the court through which an equitable distribution of the marital assets of the parties acquired during the marriage as a result of the spouse's work efforts, services and earnings can be accomplished." The trial court undoubtedly drew the "special claim" terminology from Tronconi v. Tronconi, 466 So.2d 203, 204-205 (Fla. 1985), which was used in that opinion in explanation of the Canakaris-type[1] award to the wife for the purpose of achieving an equitable distribution of the marital assets.
We hold that the trial judge did no more nor less than he was required to do under the circumstances. The trial court is not required to give effect to a stipulation where the right of the court to pass on questions before it would be circumvented thereby. 2 Fla.Jur.2d, Agreed Case and Stipulated, § 10. Canakaris and its progeny, by reaffirming the trial court's authority to effect an equitable distribution of marital assets through use of a variety of dispositional techniques, and by emphasizing the requirement that reviewing courts must ordinarily treat such awards as interrelated, have tended to lessen the significance of the label given to a particular award, and enhanced the significance of the overall effect of the property and financial aspects of the final judgment. Thus, in this case, where the parties submitted to the trial court the task of equitable distribution of their marital property, *470 the trial judge had jurisdiction and authority to make the division in the manner in which he did.
Neither the record nor appellant's brief demonstrates any prejudice suffered as a result of the trial court's use of an award of lump sum alimony to achieve an equitable distribution of the marital property. For these reasons, we hold that the trial court did not abuse its discretion in this case.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).