HERSEY, Chief Judge.
In this dissolution proceeding marital assets were distributed 80% to the wife and 20% to the husband. The issue is whether such a disproportionate distribution can be justified on the facts of this case.
The final judgment evenly divided cash, approximately $40,000 to each party, and vacant parcels of real estate. A seven-unit motel, acquired with joint marital funds and valued at approximately $190,000 was given to the wife, the husband to receive $10,000 from the proceeds if and when the wife sells the motel.
The parties were married in 1949. They are now in their late fifties and both suffer physical impairment. Over the years the wife did much of the physical labor involved in operating the motel, which was also the marital home. The husband, paralyzed from the waist down by an industrial accident in 1953, contributed some labor as well. In addition, he received a disability pension of $794 per month and social security payments of $417 per month, which were the major sources of income for the family since the motel generated a net loss most years.
Neither party has the physical capacity to work for a living although the wife, with some help, may be able to operate the motel. The husband has an outside source of income (which will decrease as a result of dissolution), while the wife has only the ■income from the motel. This was a long-term marriage.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), reminds us that a scheme of distribution fashioned by the trial court should not be disturbed unless “no reasonable man would take the view adopted by the trial court.” On the other hand, we start with the proposition that equitable distribution contemplates fair and equal distribution of marital assets in the absence of special equities, special needs or special circumstances. See e.g. Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982), and a host of other cases.
No special equity was found here, nor should there be, for the wife contributed labor while the husband contributed funds and both were essential to preservation of the asset. See Ball v. Ball, 335 So.2d 5 (Fla.1976).
The wife has a special need: income for day-to-day living, medical necessities and a place to live. The trial court attempted to respond to the wife’s needs by distributing the motel to her. In doing so, the scales were badly tipped in the wife’s favor from the point of view of equitable distribution. This was unfair to the husband. Combee v. Combee, 452 So.2d 1043 (Fla. 2nd DCA), rev. denied, 459 So.2d 1039 (Fla.1984). See also Berger v. Berger, 464 So.2d 649 (Fla. 4th DCA 1985). Our view is not influenced by the argument that because some abuse occurred during various periods of this rocky marriage, the distribution can be justified as lump sum alimony. See Williamson v. Williamson, 367 So.2d 1016 (Fla.1979); Green v. Green, 501 So.2d 1306 (Fla. 4th DCA 1986), rev. denied, 513 So.2d 1061 (Fla.1987).
It is not our function to fashion, ab initio, a plan of distribution of the marital assets. We simply note in passing that the meritorious goal established by the trial court could have been more equitably achieved either by requiring sale of the motel (there was a prayer for partition) and distributing the net proceeds substantially equally, or giving the wife possession, control and the income from the motel operation with title remaining in the form of a tenancy in common.
In any event, the plan of distribution unfairly penalizes the husband and we *754 therefore reverse and remand for further consideration.
REVERSED AND REMANDED.
LETTS and GUNTHER, JJ., concur.