SCHEB, Judge.
In this appeal from a final judgment of dissolution, the wife raises two issues. We have examined each and find merit in only one.
The wife and the husband, now ages 72 and 76 respectively, were married for 21 years. Their main asset at the time of dissolution was the marital home, which they valued at $40,000. They acquired their homeplace in 1969 and have always held title jointly. Under the final judgment the parties became tenants in common of the homeplace with the wife awarded much of the home’s furniture and exclusive possession of the house until her death, remarriage, or until she leaves the property. The court awarded the husband the 1984 Ford truck and the power tools, lawn equipment, and other items of personalty specified in a written list. He was directed to pay one-half of the monthly mortgage payments, which the record reveals to be $134.40, as rehabilitative alimony for the wife.
The wife contends the court erred in not awarding her a special equity in the homeplace. The record reveals she submitted evidence of having contributed separately-owned funds to pay the down payment and for certain improvements on the house. We note, however, that the wife did not plead special equity in her petition. Rather, both parties merely sought equitable distribution. The wife did not orally amend her pleadings to include a prayer for special equity nor can it be said that the issue was tried by consent. Indeed, on cross-examination concerning her contributions, she reaffirmed her position of seeking equitable distribution. In the absence of a prayer for special equity, we cannot say the trial court abused its discretion in not disturbing the record title to the jointly-owned marital home. Ruddy v. Ruddy, 464 So.2d 590 (Fla. 2d DCA 1985); Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983) (special equity cannot be awarded simply on basis of general prayer for equitable distribution); Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981) (unless a special equity is pled and proven, record title governs disposition of property at dissolution).
Second, the wife challenges the award to her of payment of one-half of the mortgage payments as temporary rehabilitative alimony. She points out that her income is approximately $450/month social security, while the husband receives approximately $750/month from social security and a pension. We recognize that the wife has possession of the marital home, whereas the husband must obtain other quarters. Nevertheless, we agree with the wife that in light of the parties’ disproportionate incomes, the court should have awarded her permanent, not rehabilitative, alimony and in a somewhat more generous amount.
Initially, we note that the trial court mis-characterized the alimony as rehabilitative. Rehabilitative alimony is designed to establish the recipient’s capacity for self-support through redeveloping previous skills or providing new training to develop skill. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The concept is ill-suited to the case before us. In light of the duration of the marriage, the wife’s age and sometimes debilitating medical condition, the alimony should be considered permanent periodic alimony. Georgiton v. Georgiton, 545 So.2d 421 (Fla. 4th DCA), review denied, 554 So.2d 1168 (Fla.1989) (three-year rehabilitative alimony awarded to 65-year-old husband converted to permanent alimony in view of his age and no evidence that he can become self-supporting). Also, while the income of the parties is modest, the amount awarded to the wife should be increased to require the husband to contribute to the payment of taxes and insurance, thereby assisting the wife to meet the financial requirements to keep up the house.
Accordingly, we remand to the trial court with directions to enter an amended final judgment of dissolution to denominate the award to the wife as permanent alimony and to provide that in addition to paying one-half of the mortgage payments, the husband shall be required to pay one-half of the taxes and insurance. The trial court should retain jurisdiction to modify the *427 award of permanent alimony in the event the marital home should be sold or abandoned by the wife. At such time the court may consider any adjustments necessary because of costs of major repairs subsequent to the final judgment. Otherwise, the final judgment is affirmed.
Affirmed in part, reversed in part and remanded with instructions.
CAMPBELL, C.J., and PARKER, J., concur.