737 So.2d 1204 (1999)
David Michael COLLINS, Appellant.
v.
Cathy Lynn COLLINS, Appellee.
No. 98-3134.
District Court of Appeal of Florida, Fifth District.
July 23, 1999.
*1205 Jonathan A. Zahler, Jacksonville, for Appellant.
Charles A. Esposito of Upchurch & Esposito, P.A., St. Augustine, for Appellee.
PETERSON, J.
David Michael Collins appeals a final judgment of dissolution of marriage which grants primary residential custody of the parties' five and three year-old children, Kyle Patrick Collins and Matthew David Collins, to the mother, Cathy Lynn Collins. David alternatively alleges that he was not awarded sufficient visitation. He further contends that the trial court erred in its equitable distribution of the parties' marital assets by awarding Cathy a special equity in the marital home. We affirm the award of custody, but remand for the purpose of revising the visitation schedule to allow David more time with his children. We also reverse the award of the special equity in the former marital residence.
The trial court's visitation schedule allows David to visit with his children every other weekend. We believe this is too infrequent based upon the young ages of the children. Generally, the younger the child, the greater the need for frequent contact with both parents. More frequent contact is particularly necessary in this case, where the trial judge specifically commented that "there was some confusion on the children's part as to the actual father," confusion which would appear to result from their frequent contact with Cathy's boyfriend. We remand with instructions to the trial court to allow more frequent visitation between the children and their father. See Florida Dissolution of Marriage § 11.24-11.33 (The Florida Bar CLE 1998) for suggestions on possible visitation schedules based on the age of the child.
We agree with David that the trial court erred in awarding Cathy a special equity in the marital home. The record reflects that Cathy's father loaned her and David, jointly, $4,000 to pay the down payment on the marital residence. The trial court awarded Cathy a special equity for this amount. However, Cathy did not plead special equity in her petition for dissolution of marriage nor did she orally amend her pleadings to include a prayer for special equity. Moreover, the parties cannot be said to have tried this issue by consent. When the former wife's counsel asked whether there was anything in which the former wife wished to declare a special equity, Cathy only mentioned jewelry and no mention was made of the former wife's father's contribution to the marital home. In the absence of a prayer for special equity, the trial court abused its discretion in awarding a special equity in the marital home. Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983) (special equity cannot be awarded simply on basis of general prayer for equitable distribution); see also Barlow v. Barlow, 562 So.2d 425 (Fla. 2d DCA 1990). Moreover, it is well established that where a party outside the marriage makes a loan to the husband and wife jointly, neither spouse is entitled to a special equity. See Martinez v. Martinez, 573 So.2d 37, 45 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 (Fla.1991), and cases cited therein.
*1206 We reverse that portion of the final judgment which awards a special equity in the former marital residence and remand for revision of the schedule for visitation.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DAUKSCH, J., and ORFINGER, M., Senior Judge, concur.