COPE, J.
David Efron appeals an order denying his motion to terminate alimony. We affirm.
I.
The parties have pending matrimonial proceedings in Florida and Puerto Rico. The parties have ties to both jurisdictions.
In 1999, husband David Efron filed a petition in Miami Dade County, Florida, for shared parental responsibility and primary physical residence. Wife Madeleine Efron ultimately counterclaimed for dissolution of marriage, alimony, and equitable distribution, among other things. The Florida court awarded the wife temporary alimony. Both parties also filed petitions for divorce in Puerto Rico.[1]
The Florida and Puerto Rico trial judges conferred under the Uniform Child Custody Jurisdiction Act (UCCJA). See § 61.1314, Fla. Stat. (1999). Because Florida is the home state of the children, it was decided that Florida would exercise jurisdiction for purposes of the UCCJA. Although the court in Puerto Rico initially abated all proceedings between the parties, an appellate court ruled that the Puerto Rican divorce proceedings should go forward.
According to the expert testimony in this case, in Puerto Rico a divorce proceeding is ordinarily bifurcated into two separate suits. The first suit is the petition for divorce, which may also include a claim for temporary support. The effect of the divorce decree is to give the parties a status we would regard as tenants in common of the marital community property. If after the divorce there is a need for property division or support, either party may file a second suit to resolve those issues.
In May 2001, the court in Puerto Rico entered a divorce decree which dissolved the marriage of the parties. The Puerto Rican court also addressed the issue of temporary support. The parties to the proceedings are wealthy, and the Puerto Rican court was aware that the Florida court had already ordered temporary alimony of $20,000 per month. The Puerto Rican court concluded that the former wife should receive $30,000 in addition to the amount being paid under the Florida order, for a total of $50,000 per month.[2]
The Puerto Rican divorce decree has become final. Within a month after it was issued, the former husband filed an action in Puerto Rico for distribution of the marital estate.
The former husband filed a motion in the Florida proceedings to terminate the Florida-ordered temporary alimony. He argued that the issuance of the Puerto Rican divorce decree requires, as a matter of law, that the Florida temporary alimony award terminate. The trial court denied the motion, and the former husband has *211 appealed.[3]
II.
Under Florida law, “In a proceeding for dissolution of marriage, the court may grant alimony to either party....” § 61.08(1), Fla. Stat. (1999); see also id. § 61.071. The former husband’s argument, as we understand it, is that once the Puer-to Rican divorce decree became final, the Florida action could no longer be “a proceeding for dissolution of marriage.” It follows, according to the husband, that there can no longer be any obligation on the part of the former husband to pay temporary alimony, and the temporary alimony obligation terminates as a matter of law.
We reject the former husband’s argument. The former wife filed her petition for dissolution of marriage in Florida at a time when the parties were married. In that petition she requested not only dissolution of marriage, but also alimony and equitable distribution (among other things). Also still pending is the husband’s petition related to child custody issues.
Because of the bifurcated nature of the Puerto Rican divorce proceedings, the only things accomplished by the Puerto Rican divorce decree were to end the marriage of the parties and make certain provisions for temporary support. The Puerto Rican judgment did not divide the parties’ property or award permanent alimony, nor did it address any of the child custody issues.[4]
As we see it, the Florida proceeding is still properly viewed as being a “proceeding for dissolution of marriage” within the meaning of section 61.08. In her petition, the wife requested multiple items of relief allowed under chapter 61. While the Puerto Rican court has granted a dissolution of marriage, the remaining claims for relief have not yet been adjudicated. The Florida trial court has the power to leave the temporary alimony award in place until such time as the issues of equitable distribution and permanent alimony are resolved.
As an illustration, in a divorce proceeding it will sometimes happen that a party wishes to have an immediate divorce decree entered. See generally Claughton v. Claughton, 893 So.2d 1061 (Fla.1980). This is typically accomplished by the trial court’s entry of the dissolution judgment, and reservation of jurisdiction to decide all other issues. If in that situation the husband was paying temporary alimony, we would certainly not accept the argument that the now-divorced husband was relieved of any further support obligation.
In support of his position, the former husband relies on Belcher v. Belcher, 271 So.2d 7 (Fla.1972), but the issue in that case was the validity of an antenuptial agreement, and not the issue now before us. The former husband relies on Newton v. Newton, 245 So.2d 45 (Fla.1971), but that case dealt with a Florida proceeding filed after a divorce decree had already been entered in another state. In the present case, the wife filed a proceeding for dissolution of marriage while the parties were still married, and most of the wife’s claims have yet to be adjudicated.
The parties have devoted a good deal of argument in the Florida court to *212 the principles of res judicata. The former husband and his expert on Puerto Rican law asserted that it was theoretically possible for the Puerto Rican trial court to have adjudicated issues of property division and alimony in the original proceeding for divorce. The former husband reasons that if it was theoretically possible to make claims for property division and alimony in the initial divorce proceeding, then the entry of the divorce decree in Puerto Rico creates a res judicata bar to the wife’s raising of such claims anywhere else, including Florida. See Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984); Wade v. Clower, 114 So. 548, 552 (Fla.1927).
The former wife and her expert presented their interpretation of Puerto Rican law. The Florida trial judge agreed with the wife’s position. We see no error.
Both sides agree that under Puerto Ri-can law, it is both permissible and customary to file a proceeding for property distribution and support after a divorce decree has been issued. The issuance of the divorce decree does not create a procedural bar which would preclude a subsequent petition for property distribution or support. In arguing that the Puerto Rican divorce decree somehow creates a res judi-cata bar to the pending Florida proceedings, the former husband is arguing that Florida should give greater preclusive effect to the Puerto Rican judgment than Puerto Rico itself gives it.
Affirmed.

. The wife states that she either withdrew, or attempted to withdraw, her petition in Puerto Rico. The Puerto Rican divorce decree appears to have granted the wife’s petition.

. Although immaterial here, the parties disagree about the duration of the temporary support ordered by the Puerto Rico court. Litigation is pending in Puerto Rico to determine that issue.

. The former husband also filed a motion to dismiss the wife’s Florida petition for dissolution of marriage, arguing that by reason of the Puerto Rican judgment, Florida lost subject matter jurisdiction. The trial court denied the motion and this court denied the former husband's petition for writ of prohibition without opinion.

. Both Florida and Puerto Rico agree that the UCCJA issues are to be decided in Florida.