PER CURIAM.
The appellant and former wife, Linda Austin, appeals from a final judgment of dissolution of marriage to the extent that it awards the entire interest in their marital home to the appellee and former husband, James Austin. The property was deeded in both of their names. The former husband did not plead special equity and testified at the final hearing that he was not seeking any special equity. Accordingly, we reverse and remand to the trial court with instructions to treat the marital home as a marital asset. See Collins v. Collins, 737 So.2d 1204, 1205 (Fla. 5th DCA 1999)(reversing the trial court’s award of special equity in the marital home because it was not pled); Hu v. Hu, 432 So.2d 1389, 1390-91 (Fla. 2d DCA 1983)(same); Parker v. Parker, 610 So.2d 719, 720 (Fla. 1st DCA 1992)(holding that the husband waived special equity and presented no evidence to overcome the statutory presumption that entireties real estate is marital property regardless of who paid for it).
REVERSED AND REMANDED with instructions.
BROWNING, POLSTON and HAWKES, JJ., concur.