DAVIS, Chief Judge.
Toni A. Valentine, the Former Wife, challenges the final judgment of dissolution of her marriage to Martin E. Valentine, the Former Husband. We affirm the award of durational alimony and certain aspects of the equitable distribution.[1] We *567 reverse those portions of the final judgment regarding the conceded error in the child support worksheet, as well as any other calculations based thereon, and the conceded discrepancy in the equitable distribution and its attached schedule.
The parties were married for eighteen years and have two children. The Former Wife argues that the trial court erred in calculating the child support guidelines for two minor children where only one child remained a minor at the time of the dissolution and in listing erroneous incomes for the parties on the child support worksheet. She further argues that these errors resulted in improper calculations impacting the award of a fifty-fifty split of all uncovered medical and dental expenses for the child, the requirement that she maintain life insurance for the minor child where she was the primary custodial parent, and the trial court’s failure to require the Former Husband to continue paying for the private school the minor child always had attended.
The Former Husband concedes that reversal is required due to the erroneous calculation for two minor children. We agree and reverse those portions of the order involving this erroneous calculation, and we remand for the trial court to recalculate the child support guidelines for one minor child. On remand the trial court should utilize the correct income statements of the parties and should recal-eulate the determinations on the matters of insurance and obligations for medical treatments and school as necessary.
While we affirm the majority of the equitable distribution, including the division of the marital home, without further comment, we write to address two of the Former Wife’s distribution-related claims. First, she argues that the equalization payment required by the final judgment is significantly different than that required by the equitable distribution schedule attached to the final judgment. The Former Husband concedes that the schedule and final judgment do not match, and we reverse and remand for the trial court to correct that discrepancy. Second, we note that the award of fifty percent of any proceeds from a potential book the Former Wife may write about the death of her sister must be read specifically as a reservation of jurisdiction for a future court to determine whether any portion of this as-yet-unwritten publication is marital property.[2] In the equitable distribution section of the final judgment, the trial court required that the Former Wife convey to the Former Husband “[f]ifty percent of marital future proceeds from book written by Wife.” But the final judgment also states that “[t]he Family Law Court shall reserve [jurisdiction] as to all current and future issues regarding the equitable distribution of the any [sic] proceeds, royalties[,] or financial gain generated from the jour *568 nal/book that was written during the course of this marriage, or related matters” and that “[t]he court reserves jurisdiction as to the equitable distribution matters regarding the Wife’s book.” We read this language in the final judgment to be a reservation of jurisdiction to consider the matter in the future rather than an award of any actual interest at this time. Therefore, if the Former Wife publishes a book based on the journal she kept during the marriage or publishes the journal itself, the court retains jurisdiction to review the issue postpublication and to then determine what portion, if any, of the royalties might qualify as martial assets.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and KHOUZAM, JJ, Concur.

. We note that the trial court uses the term temporary alimony to describe its award of *567 durational alimony. We treat the award as durational alimony and affirm it without further comment.

. During the marriage, the Former Wife's sister died under tragic circumstances and the Former Wife kept a detailed journal regarding the death and her feelings. The Former Husband suggested that this journal, or a book based thereon, might be published by the Former Wife and that a portion of the royalties should be awarded to him in the equitable distribution plan as a marital asset. During discovery, the Former Husband sought details about the prospects of the Former Wife’s publishing the journal or book, to which she responded that she has no publication intentions. However, in a protective order, the trial court placed the Former Wife on notice that should she ever publish the journal or book, the Former Husband must be notified in order to facilitate a determination of whether any of the proceeds of the actual publication qualify as marital assets.