NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



DAVID L. DUNKEL,                                )
                                                )
            Appellant,                          )
                                                )       Case Nos.   2D15-1157
                                                )                   2D15-2060
v.                                              )
                                                )
MAUREEN A. RORECH DUNKEL n/k/a                  )
MAUREEN A. DALY,                                )
                                                )       **CONSOLIDATED**
            Appellee.                           )
                                                )
_____             )

Opinion filed June 29, 2016.

Appeals from the Circuit Court for
Hillsborough County; Catherine M. Catlin,
Judge.

Cynthia L. Greene of Law Offices of Greene
Smith & Associates, P.A., Coral Gables; and
Allen Dell, P.A., Tampa, for Appellant.

Michelle Ralat Brinner, Michael L. Lundy,
and Mark F. Baseman of Older, Lundy &
Alvarez, Tampa, for Appellee.


CASANUEVA, Judge.

David Dunkel, the Former Husband, appeals an amended final judgment of dissolution of marriage to Maureen Daly, the Former Wife.[1]  He challenges the finding that he dissipated marital assets, the amount of marital cash determined to be available for distribution, the denial of his motions for disqualification, and the award of continued temporary alimony.  We strike the award of temporary alimony and remand for further proceedings in that regard; we otherwise affirm without discussion.

The following pertinent findings of fact are gleaned from the trial court's detailed amended final judgment.  The parties were married just over thirteen years, and no children were born of the marriage.  The Former Wife sought equitable distribution of the substantial marital assets, withdrew her request for support alimony, and requested lump sum alimony as a means of securing any distribution of assets awarded as part of the equitable distribution.  Prior to the final hearing, the parties entered into a stipulation partially resolving equitable distribution of the marital assets. The remaining equitable distribution issues were resolved by the trial court, resulting in an equal division of 1,364,230 marital shares of stock and $2,088,168 in marital cash, along with the distribution of other assets and liabilities.  The Former Husband was ordered to transfer to the Former Wife her portion of the marital stock and amounts due as an equalizer payment within thirty days.

The parties entered into a temporary mediation agreement during the pendency of the action that provided for temporary alimony payments to the Former Wife in the amount of $19,500 per month.  The amended final judgment states that the

_____

[1]The Former Husband also filed an appeal of the final judgment of dissolution, which was consolidated with his appeal of the amended final judgment.

Former Wife remains in need of, and the Former Husband has the ability to continue to pay, the temporary alimony award. Having found that the Former Wife "would fall from prosperity to misfortune if her support was terminated before she received her share of the marital estate," the trial court ordered that the temporary mediation agreement remain in full force and effect until the equitable distribution transfers have been made, excluding a retirement plan not yet available for distribution. In light of the award of continued temporary alimony, the trial court denied the Former Wife's request for lump sum alimony. As discussed below, the order requiring the Former Husband to continue payment of temporary alimony constitutes an error of law requiring reversal.

"[D]issolution proceedings call for broad judicial discretion to provide that both parties receive what is equitable and just regarding the property settlement." Abbe v. Abbe, 475 So. 2d 206, 208 (Fla. 1985) (discussing Canakaris v. Canakaris, 382 So. 2d 1197 (Fla. 1980)). "An appellate court will not disturb an alimony award where competent substantial evidence supports the award and the trial court complies with the governing law. However, we review de novo whether the trial court correctly applied the law to the facts of record." Broemer v. Broemer, 109 So. 3d 284, 289 (Fla. 1st DCA 2013).

"[A] temporary alimony award pending the final judgment in the lower court is merged in the judgment and does not continue after the judgment." Rankin v. Rankin, 275 So. 2d 283, 284 (Fla. 2d DCA 1973) (footnote omitted); see also Efron v. Efron, 813 So. 2d 209, 211 (Fla. 3d DCA 2002) (discussing trial court's power to leave a temporary alimony award in place until such time as the issues of relief, including equitable distribution and permanent alimony, are resolved). The parties here did not consent to

a postjudgment continuation of the temporary alimony award, nor was such relief requested. To the contrary, it is undisputed that the Former Wife waived her right to seek support alimony. Thus, we conclude that the temporary mediation agreement terminated upon entry of the final judgment and cannot serve as the basis for a continued award of alimony in this case. See Rankin, 275 So. 2d at 284. While the trial court was understandably concerned about the Former Wife's ability to support herself until the equitable distribution was at least partially effectuated, a continuation of temporary alimony was not the proper vehicle for addressing this concern.[2] Accordingly, we reverse and remand for the trial court to strike those portions of the amended final judgment.

On remand, the trial court may reconsider whether an award of lump sum alimony, which may be ordered in periodic installments, is appropriate for purposes of equitable distribution. See Abbe, 475 So. 2d at 208 ("[W]e hold that a prayer for equitable distribution provides sufficient notice to the opposing party that the trial judge may award his or her interest in the marital property as lump sum alimony."); Canakaris, 382 So. 2d at 1201 ("A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.").

---

[2]While this court treated an award of "temporary alimony" as an award of durational alimony and affirmed same in Valentine v. Valentine, 137 So. 3d 566, 566 n.1 (Fla. 2d DCA 2014), the Former Wife here waived her right to support alimony. Thus, durational alimony, even under another name, would not have been available and cannot be a basis for affirming the award.

Affirmed in part; reversed in part; remanded.

KELLY and CRENSHAW, JJ., Concur.