HALL, Judge.
Leonard Balas appeals from a nonfinal order directing him to undergo a psychological evaluation before the trial court will consider his motion to reestablish visitation with his minor son. The order also directs Balas to deposit such sums of money as are necessary to pay for the evaluation into the trust account of his attorney. We reverse and remand this cause for determination of two factors which are necessary to the validity of the order.
The basis for the trial court’s order was a letter written by Balas to the court and to his ex-wife in which Balas expressed his anger and frustration at being prohibited from contact with his son pursuant to an order of contempt. However, the order contains no finding by the court that it is in the best interests of the child that visitation with his father be suspended pending the father’s psychological evaluation. Indeed, there is no indication in the letter that Balas intended any harm to his son or to his ex-wife, or to the court for that matter.
“It is the public policy of this state to assure that each minor child has *344 frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved....” § 61.13(2)(b)l, Fla.Stat. (1987). Accordingly, the denial of visitation rights is not favored unless the best interests and welfare of the child so dictate. Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981). Consequently, we remand this cause with directions that the trial court conduct a hearing to determine whether the child’s best interests are served by suspending visitation with Balas pending the latter’s psychological evaluation.
If suspension of visitation is found not to be in the child's best interests, on remand we further direct the court to conduct a hearing to determine Balas’s ability to pay for the psychological evaluation. Because financial inability to pay child support is an invalid reason for terminating a parent’s visitation rights, § 61.13(4)(c)(l), Fla.Stat. (1987); Heckler v. Heckler, 351 So.2d 1122 (Fla. 3d DCA 1977), we feel that financial inability to pay to satisfy a condition of reestablishing visitation rights would likewise be an invalid reason for terminating those rights. If the court finds that Balas is unable to pay for the evaluation, it should make arrangements for the evaluation to be conducted at no cost to Balas.
Reversed and remanded with directions consistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.