PER CURIAM.
Anthony Brummer (“Former Husband”) appeals the Final Judgment of Dissolution of Marriage (“Final Judgment”) rendered by the trial court. On appeal, Former Husband raises the following arguments: (1) the trial court improperly conditioned his shared parenting time upon his payment for psychological evaluation and counseling for the parties and the children; (2) the trial court’s characterization of marital and non-marital property and equitable distribution of marital property was error; and (3) the trial court’s imputation of income to Former Husband was not supported by adequate findings of fact or competent, substantial evidence in the record.
.As to the first issue, the trial court formulated a time-sharing plan regarding the children and ruled that before it was to be implemented, “the parties and the children shall participate in an evaluation by a psychologist or other licensed mental health professional agreed upon by the parties.” The court further ruled that Former Husband would have to pay the costs of the evaluation. However, the trial court made no findings that the evaluation is in the best interests of the children and that Former Husband has the ability to pay for the evaluation. Accordingly, we reverse that part of the Final Judgment and remand this case to the trial court to determine whether the evaluation is in the best interests of the children and whether Former Husband has the ability to pay for it. See Balas v. Balas, 521 So.2d 343 (Fla. 2d DCA 1988) (requiring that the trial court conduct a hearing to determine whether suspending the father’s visitation rights pending a psychological evaluation was in the child’s best interests and whether the father had the ability to pay for the evaluation).
As to the second issue, we believe that the trial court erred in failing to designate the coffee table, end tables, and watch as the non-marital assets of Former Husband. We also believe that, with the exception of the two Kimber firearms, the trial court failed to properly establish the value of the firearm collection when determining the equitable distribution of the firearms. Therefore, that part of the equitable distribution plan is reversed, and on remand, the trial court is to award the coffee table, end table, and watch to Former Husband as non-marital assets and properly determine the value of the firearm collection.
Finally, we agree with Former Husband that the imputation of income in the Final Judgment for purposes of child support determinations is not supported by competent, substantial evidence. Accordingly, that part, of the. Final Judgment is reversed, and on remand, the trial court is to properly determine the amount of income to impute to Former Husband as a basis for his child support obligation.
We reverse those parts of the Final Judgment as previously discussed and remand this case to the trial court for further proceedings. Otherwise, the Final Judgment is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
TORPY, C. J., SAWAYA and COHEN, JJ., concur.